375 Ark. 294

**Nadine WILSON, Appellant,**

v.

**DARDANELLE DISTRICT OF the DISTRICT COURT of YELL COUNTY, Appellee.**

No. 08–901.

Supreme Court of Arkansas.

Dec. 19, 2008.

Sanford Law Firm, PLLC, by: Josh Sanford and Vanessa Kinney, Russellville, AR, for appellant.

Ralph C. Ohm, Hot Springs, AR, for appellee.

**PAUL E. DANIELSON, Justice.**

This appeal arises from an order of the Yell County Circuit Court denying a petition for writ of mandamus filed by appellant Nadine Wilson against appellee Dardanelle District of the Yell County District Court ("district court"). On appeal, Wilson argues that the circuit court erred in ruling that Wilson could not use the small-claims division of the district court in her efforts to collect small-claims judgments. Wilson further contends that the circuit court erred in ruling that she would be required to be represented by counsel to

collect those judgments. We affirm the circuit court's order.

Wilson owns a collection agency called Seneca Collection Agency, Inc. and Sunstone Judgment Recovery (Sunstone), which is a "judgment-recovery" business. Acting individually through Sunstone, Wilson became the owner of assignment of judgments in the following cases: (1) *Lawrence Vaughn d/b/a Vaughn's Truck & Equipment v. Daniel Warren d/b/a Daniel Warren Trucking*, Case No.2005–430, in the amount of $1,

Subsequently, on April 20, 2007, the district court entered an order setting aside the assignments. While not at issue in the instant case, Wilson appealed one case, *Roger and Louise Burns v. Buddy Turner d/b/a Circle M. Movers*, CV 2007–45, to circuit court. On May 30, 2007, the circuit court found the assignment of judgment in the *Burns* case valid and set aside the district court's order setting aside the assignment in the *Burns* case. In the district court, Wilson then filed a motion to reconsider setting aside the assignments, noting the circuit court's order setting aside the judgment. On July 20, 2007, the district court denied Wilson's motion to reconsider.

On October 1, 2007, Wilson filed a petition for writ of mandamus in the circuit court and alleged (1) that she had a right to collect the judgments pursuant to Arkansas Code Annotated § 16–65–120 (Repl.2005), and (2) that the district court misinterpreted Rule 10(d)(4) of the District Court Rules and section 4 of Administrative Order 18. Further, Wilson averred that she was entitled to declaratory judgment under Ark.Code Ann. § 16–111–104 (Repl.2006), on the grounds that the language of section 4(b) does not prevent her from filing a complaint under Arkansas Rule of Civil Procedure 3(a). In her prayer for relief, Wilson requested that the circuit court enter a declaratory judgment in addition to a writ of mandamus ordering the district court "to interpret and apply correctly all relevant laws." On October 25, 2007, the district court answered the writ, denying the allegations in Wilson's petition. Wilson filed a first-amended petition for writ of mandamus on November 13, 2007. The district court answered, pleading affirmative defenses, on November 27, 2007.

On February 5, 2008, the circuit court held a hearing on Wilson's petition for writ of mandamus. On cross-examination, Wilson stated that she enforced the judgment rather than collected the judgment and that there was a "fine line" between collection and enforcement. She further admitted that she typically received forty percent of what she recovered. After hearing testimony and arguments, the circuit court made the following conclusion:

> There [are] two concepts that the court is concerned with. One is as you both have pointed out that Administrative Order 18(4)(b) provides that no action may be brought in Small Claims Court by any collection agency or an assignee of a claim. And further we have the concept that Mr. Ohm [representing Defendant] has pointed out that a person not licensed to practice law in the state can't represent another, and there is Arkansas case law and part of the Code Annotated that deals with that.
>
> The Court is going to find in this case that Ms. Wilson is a collection agency or an assignee and that she cannot use the court to collect debts on these judgments. Accordingly, your petition for mandamus will be denied.

On March 11, 2008, the circuit court denied Wilson's petition for writ of mandamus and entered an order, finding that Wilson was engaged in the practice of acting as a collection agency and did not

have the authority to use the district court in her efforts to collect small-claim judgments in the small-claims division of the district court. Further, the circuit court found that Wilson was not a licensed attorney, was acting as a collection agent, and should have been required to be represented by counsel in order to collect district-court judgments in the civil division of the district court. Subsequently, on May 13, 2008, Wilson filed a motion for relief from the judgment pursuant to Arkansas Rule of Civil Procedure 60(a) (2008), and on May 23, 2008, the circuit court denied Wilson's Rule 60 motion. From the March 11 order, Wilson now brings her appeal.

██ For her first point on appeal, Wilson argues that the circuit court erred in ruling that she acted as a collection agency and that she was prohibited from "enforcing her judgments." Wilson contends that, under section 4(b) of Administrative Order 18, she should not be prohibited from enforcing her judgments in the small-claims division of a district court. In response, the district court asserts that the circuit court correctly determined that Wilson engaged in the practice of acting as a collection agency. The district court asserts that the circuit court properly concluded that Wilson attempted "to collect judgments on behalf of third persons on a contingency fee basis." Further, the district court avers that Wilson "attempted to get around this prohibition by having the plaintiffs sign an assignment of judgment," which, the district court maintains, "was nothing more than an attempt to avoid Administrative Order No. 18." The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Dobbins v. Democratic Party of Arkansas,* 374 Ark. 496, 288 S.W.3d 639 (2008).

██ The issue is whether Wilson, while engaging in the practice of her judgment-recovery business, acted as a collection agency. Section 4(b) of Administrative Order 18 provides in pertinent part:

4. *Small Claims Division.* The small claims division shall have the same jurisdiction over amounts in controversy as provided in subsection 3 of this administrative order. Special procedural rules governing actions filed in the small claims division are set out in Rule 10 of the District Court Rules. The following restrictions apply to litigation in the small claims division:

. . . .

(b) *Entities restricted from bringing actions.* No action may be brought in the small claims division by any collection agency, collection agent, or the assignee of a claim or by any person, firm, partnership, association, or corporation engaged, either primarily or secondarily, in the business of lending money at interest. "Credit bureaus and collection agencies," by definition, shall include those businesses that either collect delinquencies for a fee or are otherwise engaged in credit history or business.

██ This issue involves the interpretation of our court rules. The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common language. *Stanley v. Ligon,* 374 Ark. 6, 285 S.W.3d 649 (2008). Court rules are construed by the same means and canons of construction used in statutory interpretation. *Id.*

Section 4(b) defines "collection agencies" as "those businesses that either collect delinquencies for a fee or are otherwise engaged in credit history or business." Here, Wilson admitted that, although she believed that she "enforce[d]" a judgment

rather than "collected" a judgment, she nevertheless received forty percent of that judgment as "an agreement between the judgment creditor and [her]." Thus, because Wilson "collect[ed]" a "delinquenc[y] for a fee" under section 4(b), she fits the definition of a collection agency, which is restricted from bringing an action in the small-claims division of the district court.

Further, Wilson contends that she was assigned the judgment under Ark.Code Ann. § 16–65–120, which provides that a person or a party may transfer or sell a judgment or cause of action at any time after the lawsuit has been filed. She asserts that once a judgment was assigned to her, she had every right to collect it. However, under section 4(b), no "assignee of a claim" may bring an action in the small-claims division. Here, Wilson repeatedly admitted that she was assigned these claims. While she takes issue with the term of what she collected, we are left with the language of section 4(b), which calls for the collection of "delinquenc[ies]." A delinquency is defined as "[a] debt that is overdue in payment." *Black's Law Dictionary* 460 (8th ed.2004). We interpret "delinquency" to include the judgments or debts in this case that Wilson collected. Therefore, based upon our interpretation of section 4(b) of Administrative Order 18, we hold that the circuit court properly ruled that Wilson engaged in the practice of acting as a collection agency.

For her second point on appeal, Wilson argues that even if she were a collection agency, then she was not "bringing an action" under section 4(b), but rather enforcing a judgment. Specifically, Wilson contends that she is not prohibited from acting in the district court because her act of filing acknowledgments of the assignment, as well as writs of garnishment, is not "an action" under section 4(b). The district court responds and argues that the circuit correctly found that Wilson was prohibited from using the small-claims court to collect judgments. Specifically, the district court avers that Wilson attempted to circumvent the process by attempting to assign a small-claim plaintiff's claim to herself and to name herself as a real party of interest.

However, the circuit court did not specifically rule on this issue of whether Wilson brought an action under section 4(b). Similarly, in her third point on appeal, Wilson raises the issue of whether she was a new party, under Rule 10(d)(4) of the District Court Rules, prohibited from bringing an action into the district court. In fact, she concedes in her brief that the circuit court did not specifically cite to Rule 10(d)(4) in its ruling. We have held that we will not review a matter on which the circuit court has not ruled, and a ruling should not be presumed. *See Stilley v. University of Arkansas at Ft. Smith*, 374 Ark. 248, 287 S.W.3d 544 (2008). Accordingly, we decline to reach the merits of Wilson's second and third points on appeal.

▆ Finally, Wilson argues that the circuit court erred in ruling that she should be required to be represented by counsel in order to collect district-court judgments in the small-claims and civil divisions of the district court. Specifically, Wilson claims that, regardless of whether she acted as a collection agency, she is entitled to represent herself in the enforcement of her judgments in the small-claims and civil divisions of the district court.

We have previously discussed that, in enforcing her judgments, Wilson acted as a collection agency, which is prohibited under section 4(b). In their briefs, both Wilson and the district court discuss whether she engaged in the practice of law. However, the circuit court did not make a specific ruling on that issue, and

therefore, we are precluded from delving into the question. *See Stilley, supra.*

Affirmed.