2013 Ark. 202

**TEMCO CONSTRUCTION, LLC, Appellant**

v.

**Gregg GANN and Sherry Gann, Appellees.**

No. 12–874.

Supreme Court of Arkansas.

May 16, 2013.

Barber, McCaskill, Jones & Hale, P.A., by: Perry L. Wilson and Rick Behring Jr., Little Rock, AR, for appellant.

Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., by: Randy L. Grice, North Little Rock, AR, and Lauren Ballard, for appellees.

DONALD L. CORBIN, Justice.

Appellant TEMCO Construction, LLC (TEMCO), appeals the orders of the Faulkner County Circuit Court dismissing its complaint against Appellees Sherry and Gregg Gann. TEMCO also appeals the order awarding attorneys' fees to the Ganns. This court assumed jurisdiction of this appeal pursuant to Ark. Sup.Ct. R. 1–2(a)(1), (b)(6), and (d) (2012) because it presents a challenge under the Arkansas Constitution to our materialman's lien statute, specifically Ark.Code Ann. § 18–44–115 (Supp. 2011). The bulk of the issues argued on appeal were not ruled on by the circuit court, and we therefore summarily affirm.

This litigation centers on a contract for the construction of a residence in a subdivision in Mayflower, Arkansas. Under the terms of the contract, TEMCO was the general contractor and the Ganns were the owners. The contract was contingent upon the owners obtaining financing. As required by our materialman's lien statute, the contract included a preconstruction notice titled "IMPORTANT NOTICE TO OWNER." This notice, however, did not include the precise language required after the materialman's lien statute was amended in 2009. See Ark.Code Ann. § 18–44–115(a)(7).

After TEMCO completed construction of the residence and the Ganns took possession, TEMCO asserted a materialman's lien on the house, arguing that the Ganns had refused to fully compensate TEMCO. The Ganns then filed suit to protest the lien pursuant to Ark.Code Ann. § 18–44–118(f) (Supp.2011). The parties agreed to discharge the lien, and an agreed order was entered to that effect.

TEMCO later initiated the present litigation by filing a complaint against the Ganns for breach of contract, unjust enrichment or quantum meruit, promissory estoppel, and fraud or misrepresentation based on the failure of the Ganns to disclose that they had obtained inadequate financing.

The Ganns moved to dismiss the complaint on three grounds. First, the Ganns contended that the current suit was barred by the principle of res judicata due to the previous litigation that resulted in the agreed order to discharge the materialman's lien. Second, the Ganns moved to dismiss the complaint on the basis that it failed to state facts on which relief could be granted because, according to the plain language of Ark.Code Ann. § 18–44–115(a)(4), TEMCO was statutorily barred from making a claim in either law or equity to enforce the contract due to its failure to strictly comply with the lien-notice re-

quirements. Third, the Ganns contended that the complaint should be dismissed for failure to sufficiently plead facts to establish a claim for fraud or misrepresentation.

TEMCO filed a response to the motion to dismiss, with a brief in support, defending the requested dismissal on multiple grounds. First, TEMCO responded that it was entitled to pursue its current contract and tort claims because this was a direct sale according to Ark.Code Ann. § 18–44–115(a)(8), and therefore section 18–44–115(a)(4)'s bar to suit resulting from deficient notice of the lien is not applicable. Second, TEMCO argued alternatively that if the statutory bar to suit is applicable, then the materialman's lien statute is unconstitutional as a violation of the doctrine of separation of powers as well as a violation of TEMCO's rights to due process and equal protection of the law. Third, TEMCO responded that its complaint did in fact sufficiently plead facts to pursue the claim for fraud or misrepresentation and that the doctrine of res judicata was not applicable because section 18–44–118(f)(2) expressly limited the issues TEMCO could litigate in the prior suit to issues concerning only the validity of the lien. Therefore, according to TEMCO, res judicata would not bar the current claims based in contract, equity, and tort.

The circuit court held a hearing on the motion to dismiss, in which all the foregoing arguments raised in the motion, response, and briefs were also argued to the court. The court did not make a ruling of any kind during the hearing, nor did the court give any indication at the conclusion of the hearing as to how it would rule. Rather, the circuit court took the motion under advisement and later issued a written order granting the motion to dismiss on only one of the three grounds argued— that TEMCO's "claims are statutorily barred by Ark.Code Ann. § 18–44–

115(a)(4)" for failure to strictly comply with requirements for the notice of its lien. The order was completely silent as to the other two grounds the Ganns had asserted for dismissal. The order was likewise silent with respect to any of the arguments raised in defense of the motion to dismiss, including the direct-sale exemption, the constitutional challenge, and res judicata.

The precise wording of the circuit court's order is essential to an understanding of our resolution of this appeal, and we therefore quote the order in its entirety:

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

The parties came before this Court to be heard on Defendants' Motion to Dismiss. Upon consideration of all arguments, pleadings, briefs, and exhibits, this Court finds that the Defendants' Motion to Dismiss should be and hereby is GRANTED.

The Plaintiffs' claims are statutorily barred by Ark.Code Ann. § 18–44–115(a)(4). The statute provides that "[i]f a residential contractor fails to give the notice required under this subsection, then the residential contractor is barred from bringing an action either at law or in equity, including without limitation quantum meruit, to enforce any provision of a residential contract." Ark. Code Ann. § 18–44–115(a)(4). The required notice that a residential contractor must give is provided in Ark.Code Ann. § 18–44–115(a)(7); the statute requires that the "Important Notice to Owner" language "be conspicuous, set out in boldface type, [and] worded exactly as stated in all capital letters." Ark. Code Ann. § 18–44–115(a)(7). The Arkansas Supreme Court has held that lien statutes, and specifically the notice provisions of § 18–44–115, require strict compliance. *See Books–A–Million, Inc.*

*v. Arkansas Painting and Specialties Co.*, 340 Ark. 467 [10 S.W.3d 857 (2000) ].

The Plaintiff included an "Important Notice to Owner" provision in the Residential Contract (*see* Plaintiff's Complaint, Exhibit 1), however the notice does not strictly conform with the statutory language. Pursuant to Ark.Code Ann. § 18–44–115(a)(4), the Plaintiff is barred from bringing an action at law or equity to recover under the contract and has therefore failed to state a claim upon which relief can be granted. The Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Ark. R. Civ. P. 12(b)(6).

Because the order states that the circuit court considered "all arguments, pleadings, briefs, and exhibits," and because the exhibits included, among other documents, the contract and the agreed order from the prior litigation, the circuit court effectively converted the motion to dismiss into a motion for summary judgment. *See Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. ·After entering the foregoing order, the circuit court entered a subsequent order reflecting that the complaint was "dismissed with prejudice as to all parties." Finally, the circuit court entered a third order awarding costs and attorneys' fees to the Ganns as the prevailing party.

TEMCO timely appeals from all three orders and raises four points for reversal. The first three are the same three arguments TEMCO raised in defense of the motion to dismiss. The fourth challenges the award of attorneys' fees to the Ganns as the prevailing party. For the reasons explained more fully herein, the circuit court did not provide a ruling on the first three arguments, and they are therefore not preserved for appellate review. The fourth argument has no merit given our summary affirmance on the first three points.

## I. *The Direct–Sale Exemption to the Materialman's Lien Statute*

TEMCO's first point for reversal is that the circuit court erred in refusing to apply the direct-sale exemption to the notice requirement of the materialman's lien statute found in section 18–44–115(a), which states as follows:

(8)(A) If the residential contractor supplies a performance and payment bond or if the transaction is a direct sale to the property owner, the notice requirement of this subsection shall not apply, and the lien rights arising under this subchapter shall not be conditioned on the delivery and execution of the notice.

(B) A sale shall be a direct sale only if the owner orders materials or services from the lien claimant.

Ark.Code Ann. §§ 18–44–115(a)(8)(A)–(B). TEMCO argues that its contract with the Ganns constituted a direct sale, and therefore TEMCO is exempt from compliance with the notice requirements of the statute. The Ganns respond that TEMCO failed to obtain a ruling on whether the direct-sale exemption applied, and therefore this issue is not preserved for appellate review. The Ganns point out that the only ruling the circuit court made was to grant their motion to dismiss because TEMCO's notice was deficient; therefore, the suit was barred by the terms of section 18–44–115(a)(4), which states as follows:

(4) If a residential contractor fails to give the notice required under this subsection, then the residential contractor is barred from bringing an action either at law or in equity, including without limitation quantum meruit, to enforce any provision of a residential contract.

TEMCO replies that the circuit court's order explicitly stated that the court con-

sidered "all arguments, pleadings, briefs, and exhibits," and therefore when the order went on to state the sole basis upon which the dismissal was granted, namely the statutory bar of section 18–44–115(a)(4), that ruling also included a ruling rejecting all the other arguments raised to the circuit court. TEMCO replies alternatively that even if the circuit court did not explicitly rule on all other arguments raised below, it effectively did so.

Two recent cases dictate that we reject TEMCO's argument in reply. In a similar, although not identical case, *Ground Zero Construction, Inc. v. Walnut Creek, LLC,* 2012 Ark. 243, 410 S.W.3d 579, this court affirmed the circuit court's ruling that the construction company's description of the "labor, service, or materials furnished" contained in its notice of lien, was not an adequate description and did not strictly comply with the lien statute. This court did not address that construction company's alternative argument that the notice requirement of the lien statute did not apply to it as a contractor because the circuit court had failed to rule on the alternative argument. This court stated as follows:

> Ground Zero's *alternative* argument that its lien was valid because the 75–day–notice requirement of section 18–44–115(e)(2) [Supp.2007] do[es] not apply to it as a contractor likewise fails because the circuit court did not rule on this issue. Specifically, although Ground Zero did not include this argument in its response to Marrs Electric's motion to dismiss, counsel for Ground Zero did make an oral argument to this effect at the hearing held before the circuit court. The *only finding, however, made by the circuit court* in its May 21, 2009 order in which it dismissed Ground Zero's complaint as to the foreclosure of its lien was that the lien notice "fails to provide 'a general description of

the labor, service, or materials furnished' as required by the statute."

> *This court has made it clear that it will not review a matter on which the circuit court has not ruled. Ark. Lottery Comm'n v. Alpha Mktg.,* 2012 Ark. 23, 386 S.W.3d 400. *Nor will this court presume a ruling from the circuit court's silence. Id.; see also Wilson v. Dardanelle Dist. of Dist. Ct. of Yell Cnty.,* 375 Ark. 294, 290 S.W.3d 1 (2008). In short, because there was no ruling on this issue from the circuit court, and we will not presume a ruling from the circuit court's silence, we will not address this alternative argument raised by Ground Zero.

*Ground Zero Constr.,* 2012 Ark. 243, at 7–8, 410 S.W.3d at 583 (emphasis added).

The *Ground Zero* case is on all fours with this case. Both cases involved deficient notices under the materialman's lien statute. Both cases were decided on a motion to dismiss. Both cases had multiple grounds asserted for dismissal, yet despite the multiple grounds raised, both trial courts based their ruling on only one of the grounds argued. In *Ground Zero,* this court refused to presume a ruling from the trial court's silence on the alternative argument. It is not entirely clear that the circuit court's order entered in *Ground Zero* stated that "all arguments" raised before it were considered, thus we must turn elsewhere to complete our resolution of TEMCO's argument in that respect as to an effective ruling.

We need look no further than the case upon which *Ground Zero* relies, *Arkansas Lottery Commission v. Alpha Marketing,* 2012 Ark. 23, 386 S.W.3d 400, to see that we have very recently rejected TEMCO's argument that when a trial court's order states that it is considering all arguments, the ruling that follows then somehow effectively operates as a ruling on all issues

raised below, even if the ruling expressly addresses only one of the arguments raised. We rejected that argument in *Alpha Marketing* based on this court's long-settled precedent that this court does not presume a ruling from a trial court's silence. *Alpha Marketing* was an attempt at an interlocutory appeal on the question of sovereign immunity. The circuit court's order addressed many issues raised in that case, but it did not expressly rule on sovereign immunity. We did not presume a ruling from the silence on sovereign immunity, stating as follows:

> Logic dictates that, before an interlocutory appeal may be pursued from the denial of a motion to dismiss on the ground of sovereign immunity, we must have in place an order denying a motion to dismiss on that basis. In this case, the Commission moved for dismissal on multiple grounds, only one of which was based on the defense of sovereign immunity. In its order, the circuit court noted that the Commission had raised the issue of sovereign immunity in defense of the claims for monetary and injunctive relief. However, the circuit court ruled only on the Commission's separate claim that Alpha Marketing had not stated a cause of action for trademark infringement. The court did not pass judgment on the Commission's argument that the relief sought by Alpha Marketing was barred by sovereign immunity. It is axiomatic that, without a ruling on the sovereign-immunity issue, there can be no interlocutory appeal.
>
> . . . .
>
> Nor can we presume a ruling from the circuit court's silence. We have held that we will not review a matter on which the circuit court has not ruled, *and a ruling should not be presumed.* *Wilson v. Dardanelle Dist. of the Dist. Court of Yell Cnty.,* 375 Ark. 294, 290 S.W.3d 1 (2008) (emphasis supplied); *see also Stilley v. Univ. of Ark. at Fort Smith,* 374 Ark. 248, 287 S.W.3d 544 (2008); *Reed v. Guard,* 374 Ark. 1, 285 S.W.3d 662 (2008); *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.,* 369 Ark. 90, 251 S.W.3d 267 (2007).

*Alpha Mktg.,* 2012 Ark. 23, at 6–7, 386 S.W.3d at 404.

The dissenting view in *Alpha Marketing* was that the circuit court's order included a ruling on the sovereign immunity issue "because the circuit judge said he had considered the issues raised, which included sovereign immunity, and allowed the trial to continue." *Id.,* 2012 Ark. 23, at 9–10, 386 S.W.3d at 406 (Brown, J., dissenting). The majority opinion explained, however, that questions left unresolved are waived and may not be relied upon on appeal, because "[w]e have no way of determining from the record that the trial court did in fact make a ruling, nor, assuming one was made, the nature and extent of the ruling." *Id.,* 2012 Ark. 23, at 8, 386 S.W.3d at 405.

Applying *Ground Zero* and *Alpha Marketing* to TEMCO's first argument on appeal, we conclude that, because the circuit court did not provide an express ruling with respect to whether the contract between the Ganns and TEMCO came within the direct-sale exemption, we are precluded from addressing this argument on appeal as we will not presume a ruling from the circuit court's silence on the exemption. It is an appellant's responsibility to obtain a ruling to preserve an issue for appeal, and TEMCO's failure to obtain a ruling precludes our review on appeal. *See Neal v. Sparks Reg'l Med. Ctr.,* 2012 Ark. 328, 422 S.W.3d 116.

## II. The Materialman's Lien Statute is Unconstitutional as a Violation of Separation of Powers, Due Process, and Equal Protection

As its second point for reversal, TEMCO asserts a three-fold challenge to

the constitutionality of the materialman's lien statute. First, TEMCO follows the reasoning of *Johnson v. Rockwell Automation, Inc.,* 2009 Ark. 241, 308 S.W.3d 135, and argues that the materialman's lien statute violates the doctrine of the separation of powers because it creates a new rule of procedure by requiring a builder to file the lien notice as a prerequisite to filing suit to enforce its contract. Second, TEMCO argues that the statute violates substantive due process because it precludes builders from pursuing a vested right to bring suit on their contracts. Third, TEMCO relies on *Urrey Ceramic Tile Co. v. Mosley,* 304 Ark. 711, 805 S.W.2d 54 (1991), and argues that the statute violates equal protection because commercial contractors are treated differently than residential contractors. This argument suffers the same fate as the first, however.

TEMCO's constitutional challenge was well developed below, supported by citation to authority, and argued at the hearing. The circuit court's order, however, is completely silent with respect to the constitutional challenges, and the Ganns point this out in their brief. In reply, TEMCO makes the same argument it did in reply to its direct-sale-exemption argument. In short, TEMCO contends that, the Ganns "would not have been entitled to a dismissal had the trial court accepted any one of the arguments that TEMCO raised in response to [the Ganns'] Motion to Dismiss." To reach the conclusion that the trial court found the statute constitutional requires speculation on our part, however, because another possibility for the circuit court's silence on the constitutional argument exists here. Although the record discloses that TEMCO notified the Attorney General of its constitutional challenge to the materialman's lien statute, the record does not also disclose a response from the Attorney General. As the challenger of the statute and the Appellant in this case, it is TEMCO's burden to produce a record demonstrating the notice to, and response from, the Attorney General. *See In re Guardianship of A.M.,* 2012 Ark. 278, 2012 WL 2356492. It may well be that the circuit court in this case simply declined to rule on the constitutional challenge due to the lack of a response from the Attorney General. Or, as TEMCO contends, it may well be that the circuit considered the statute to have survived the constitutional challenge, but simply failed to expressly say so in the order. Either conclusion requires us to speculate, and speculation is something this court will not do.

This court has previously refused to address a constitutional challenge to a statute that was presented to a trial court but not ruled on, even though that trial court enforced the statute as the trial court did here. In *Ghegan & Ghegan, Inc. v. Barclay,* 345 Ark. 514, 49 S.W.3d 652 (2001), this court upheld a constitutional challenge to the Arkansas Soft Drink Tax Act, Ark. Code Ann. §§ 26–57–901 et seq., yet declined to address the constitutional challenge to the border-city exemption within the Act. The trial court's order in *Ghegan & Ghegan* addressed the constitutional challenge to the exemption but did not, however, expressly rule on it. On appeal, this court quoted from the trial court's order and then refused to address the constitutional challenge to the exemption due to the lack of an express ruling:

Appellant finally argues that the border city exemption provided in Ark. Code Ann. § 26–57–907, as written, violates equal protection. However, we note that appellant has failed to preserve this issue for appeal because the language of the trial court's order indicates that the trial court did not rule on the constitutional argument. The trial court's order states:

The court has had some difficulty understanding plaintiff's border tax exemption argument. As the state points out, the Arkansas Supreme Court has upheld the legitimacy of economic border town incentives. *Boyd v. Weiss,* 333 Ark. 684, 971 S.W.2d 237 (1998). Plaintiff contends that the "application of the border city rate is determined exclusively by whether the 'retailer' is 'located in a city or incorporated town which is subject to the border city tax rate.'" The fact that the retailer, and not the wholesaler, is located in the border city is the reason for the border tax exemption. The purpose of the border tax exemption is to promote the economic security of retailers so that, as a result of the tax, they will not have to charge prices that are higher than a competitor in the border state. The exemption benefits, not penalizes, the retailer.

Having made these general observations, the trial court did not rule on whether the border tax exemption violates equal protection, and appellant did not seek a clarification or insist upon a ruling upon this issue. It is well settled that issues not ruled on below will not be considered on appeal. *E.g., Junkin* [*v. Northeast Arkansas Internal Medicine Clinic, P.A.*], *supra* [344 Ark. 544, 42 S.W.3d 432 (2001) ] (citing *Flowers v. State,* 342 Ark. 45, 25 S.W.3d 422 (2000)). Because this issue has not been preserved, we cannot address its merits on appeal.

*Ghegan & Ghegan,* 345 Ark. at 531, 49 S.W.3d at 663.

As *Ghegan & Ghegan* demonstrates, this court has consistently required express rulings from trial courts on constitutional challenges. We have explained the reason for doing so as follows:

While this court desires to reach all issues presented to it, the reason for declining to hear this appeal is sound. This is a court of appellate jurisdiction. As this court stated in *Lewellen v. Sup. Ct. Comm. on Prof'l Conduct,* 353 Ark. 641, 645, 110 S.W.3d 263 (2003):

> With certain exceptions not relevant to this discussion, this court has appellate jurisdiction only, which means that it has jurisdiction to review an order or decree of an inferior court. *Ward Sch. Bus Mfg. v. Fowler,* 261 Ark. 100, 547⎣₁₃S.W.2d 394 (1977); *see also Houston Contr. Co. v. Young,* 271 Ark. 455, 609 S.W.2d 895 (1980).

This court decides if the trial court erred in reaching a decision. This court does not make the decision. Long ago in *Stroud v. Crow,* 209 Ark. 820, 192 S.W.2d 548 (1946), we similarly stated:

> Furthermore, this is a court of appellate jurisdiction, and we do not decide issues not directly or indirectly presented in or decided by the trial court. "The constitution vests in this court only appellate and supervisory jurisdiction, and not original jurisdiction, in controversies between individuals." *May v. Ausley,* 103 Ark. 306, 146 S.W. 139 [ (1912) ]; *Missouri Pacific Railroad Company v. J.W. Myers Commission Company,* 196 Ark. 976, 120 S.W.2d 693 [ (1938) ].

*Stroud,* 209 Ark. at 823, 192 S.W.2d 548. Because the circuit court did not rule on the issue of the constitutionality of the new grandparent visitation act, there is nothing for this court to review. This court cannot and will not decide the issue of the constitutionality of the statute for the first time on appeal.

*Gwin v. Daniels,* 357 Ark. 623, 626, 184 S.W.3d 28, 30 (2004).

■ Clearly, the requirement of a ruling from a lower court is the elementary

basis of this court's function, which is to review decisions of a trial court and not to make them in the first instance on appeal. As in *Gwin*, this court, too, desires to reach all issues presented to it. But we overstep our bounds as an appellate court if we reach an issue in the absence of a ruling from the lower court. In the absence of an express ruling, this court in *Ghegan & Ghegan* refused to address the constitutional challenge to the statute even though the trial court expressly indicated it had considered the issue. This court is bound to follow *Ghegan & Ghegan* in the present case; therefore, we likewise refrain from addressing the constitutional challenge to the materialman's lien statute for the first time on appeal.

### III. *Alternative Arguments for Dismissal—Res Judicata and Failure to Sufficiently Plead Fraud*

■ For TEMCO's third point on appeal, TEMCO asks us to address the Ganns' alternative arguments for dismissal concerning res judicata and fraud. The circuit court's order simply made no mention whatsoever of res judicata or failure to sufficiently plead fraud. Just as we will not presume a ruling from the trial court's silence on TEMCO's first two arguments, we will not also presume a ruling on the Ganns' alternative grounds for dismissal. TEMCO concedes that the circuit court did not address these issues in its order, but contends that we should address both issues as they are likely to arise on remand. TEMCO's argument presupposes a decision by us to reverse. As we do not reverse the circuit court's order, there is no possibility for these two issues to arise on remand. Accordingly, we need not address them any further.

### IV. *Attorneys' Fees*

Finally, TEMCO challenges the award of attorneys' fees to the Ganns. TEMCO does not challenge the fees as unreasonable but argues that it is entitled to a reversal of the award of attorneys' fees because, once this case is reversed on appeal, the Ganns will no longer be the prevailing party. This argument also presupposes a decision by us to reverse. Our affirmance of this case renders this argument without merit.

■ In summary, we reiterate that the motion to dismiss was based on several grounds, yet the circuit court granted dismissal based on only one of those several grounds—that the complaint was barred by statute, specifically section 18–44–115(a)(4), due to TEMCO's failure to give sufficient notice. That is the only ruling the circuit court made. TEMCO argues reversal based on other arguments that were raised below, but not ruled on. As Appellant, it was TEMCO's burden to obtain or insist on rulings on issues it desired to have reviewed on appeal. See *Meador v. Total Compliance Consultants, Inc.*, 2013 Ark. 22, 425 S.W.3d 718; see also *Ghegan & Ghegan*, 345 Ark. 514, 49 S.W.3d 652. *Alpha Marketing* and *Ground Zero* are very clear that this court will not presume rulings based on a trial court's silence. *Ghegan & Ghegan* is very clear that we will not presume a ruling based on a trial court's general observations. This court is bound to follow these cases and is therefore precluded from reaching the merits of the arguments raised in this appeal, save the attorneys' fees argument which is rendered without merit due to our summary affirmance.

The orders of the circuit court are affirmed.

HANNAH, C.J., and BAKER and HART, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. The majority errs in its analysis of the circuit court's ruling which follows:

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The parties came before this Court to be heard on Defendants' Motion to Dismiss. Upon consideration of all arguments, pleadings, briefs, and exhibits, this Court finds that the Defendants' Motion to Dismiss should be and hereby is GRANTED.

The Plaintiffs' claims are statutorily barred by Ark.Code Ann. § 18–44–115(a)(4). The statute provides that "[i]f a residential contractor fails to give the notice required under this subsection, then the residential contractor is barred from bringing an action either at law or in equity, including without limitation quantum meruit, to enforce any provision of a residential contract." Ark. Code Ann. § 18–44–115(a)(4). The required notice that a residential contractor must give is provided in Ark. Code Ann. § 18–44–115(a)(7); the statute requires that the "Important Notice to Owner" language "be conspicuous, set out in boldface type, [and] worded exactly as stated in all capital letters." Ark. Code Ann. § 18–44–115(a)(7). The Arkansas Supreme Court has held that lien statutes, and specifically the notice provisions of § 18–44–115, require strict compliance. *See Books A–Million, Inc. v. Arkansas Painting and Specialties Co.*, 340 Ark. 467 [10 S.W.3d 857].

The Plaintiff included an "Important Notice to Owner" provision in the Residential Contract (*see* Plaintiff's Complaint, Exhibit 1), however the notice does not strictly conform with the statutory language. Pursuant to Ark.Code Ann. § 18–44–115(a)(4), the Plaintiff is barred from bringing an action at law or equity to recover under the contract and has therefore failed to state a claim upon which relief can be granted. The Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Ark. R. Civ. P. 12(b)(6).

The last two paragraphs upon which the majority focuses its analysis on are mere surplusage.

The determining language is the court's statement that "[t]he parties came before this Court to be heard on Defendants' Motion to Dismiss. Upon consideration of all arguments, pleadings, briefs, and exhibits, this Court finds that the Defendants' Motion to Dismiss should be and hereby is GRANTED."

The majority relies on *Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001), in error. As the majority notes, the circuit court in *Ghegan* mentioned the constitutional issue in its order but did not rule on it. The majority's reliance on *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004), is also misplaced in the context of this case. *Gwin* stands for the simple proposition that the issue must be presented to the trail court and there must be a ruling on the issue before there can be appellate review. Here the circuit court stated that it had considered all arguments, pleadings, briefs, and exhibits and it ruled. To now conclude that the circuit court did not rule, when it expressly states that it did rule, is error. This decision puts counsel in an untenable position that counsel will be held responsible for the failure to obtain a ruling under the very narrow principles set out by the majority. This means that counsel must persuade the circuit-court judge that an extremely detailed, and finite written order must be issued. While counsel are sometimes assigned by the circuit court to draft a precedent, that is not always the case. Even if counsel were to always draft the precedent, there will be disputes between counsel and the circuit court, which will result in matters coming before this court

under its original jurisdiction. This court will be faced with petitions to compel the circuit court to act in a manner that counsel believes is required by the majority's decision. Overcrowded circuit-court dockets and overworked circuit-court judges will be compelled to engage in needless extra work. Counsel will be put in the unenviable position of having to challenge circuit judges before whom they customarily practice.

In the case before us, the issues were raised before the circuit court. A ruling was obtained on each issue, even though the ruling spoke to all issues. All the issues argued before the circuit court are before this court now. Therefore, I dissent.

BAKER and HART, JJ., join.

KAREN R. BAKER, Justice, dissenting.

The majority concludes that the circuit court did not rule on whether TEMCO was exempted from the notice requirement of Arkansas Code Annotated section 18–44–115(a)(4). I dissent.

The circuit court found that TEMCO's complaint failed to state a claim upon which relief could be granted because TEMCO was barred from bringing the claim by Arkansas Code Annotated section 18–44–115(a)(4). The court's order specifically stated that it considered all arguments made by TEMCO and ruled that its claim was barred. Those arguments included TEMCO's contention that it was exempted from the requirements of section 18–44–115(a)(7).

In support of their holding that this issue was not preserved for appeal, the majority cites *Arkansas Lottery Commission v. Alpha Marketing*, 2012 Ark. 23, 386 S.W.3d 400. Although I still believe that *Alpha Marketing* was wrongly decided for the reasons stated in my dissent in that case, its holding simply does not apply here.

In *Alpha Marketing*, the plaintiff filed a complaint for declaratory judgment against the defendant, the Arkansas Lottery Commission, seeking a determination that its trademarks were valid and that it was entitled to exclusive use of those marks, and included a claim for trademark infringement. The defendant filed a motion to dismiss asserting various defenses, including sovereign immunity. The circuit court entered an order providing, "After reviewing the motion, response, reply, supporting briefs, and after considering the argument made by counsel during a February 24, 2011 hearing on the motion to dismiss, the Court denies the motion." The circuit court's order did not specifically state that the defendant's motion to dismiss based on sovereign immunity was denied. The defendant brought an interlocutory appeal, arguing that the circuit court erred in denying its motion to dismiss based on sovereign immunity. However, holding that the circuit court had not ruled on the issue, this court dismissed the appeal for lack of jurisdiction to hear to hear the interlocutory appeal.

Ordinarily, an appeal must be taken by a final judgment or decree entered by the circuit court. *Carter v. Cline*, 2011 Ark. 474, 385 S.W.3d 745. However, Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure—Civil permits an appeal from an interlocutory order denying a motion to dismiss or for summary judgment based on the defense of sovereign immunity of a government official. The rational for this exception is that the right to immunity from suit is effectively lost if the case is permitted to go to trial. *Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007).

In TEMCO's case, the motion to dismiss was granted, thus the order is final and appealable. Our jurisdiction is based on

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil. Because TEMCO's appeal is not an interlocutory appeal based on sovereign immunity, our ruling in *Alpha Marketing* does not apply.

Though not cited by either party, the majority cites *Ground Zero Construction, Inc. v. Walnut Creek, LLC*, 2012 Ark. 243, 410 S.W.3d 579, as being "on all fours" with this case. *Ground Zero* is distinguishable, however, because there the circuit court did not include a ruling on an issue in the final written order, but decided the case on another issue without consideration of the argument made on appeal.

Because the circuit court did rule in its written order, after consideration of TEMCO's arguments, that the suit was barred by Arkansas Code Annotated section 18–44–115(a)(4), I would decide this case on the merits.

Accordingly, I dissent.

HART, J., joins in this dissent.