Cite as 2023 Ark. 103

# SUPREME COURT OF ARKANSAS

**No.** CV–21–521

| | |
|---|---|
| | **Opinion Delivered** June 15, 2023 |
| SHARON MARCUM<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-2097] |
| V. | |
| ROBERT HODGE, SPECIAL ADMINISTRATOR OF THE ESTATE OF NICHOLAS HENDRICKS<br>APPELLEE | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | <u>REVERSED AND REMANDED; COURT OF APPEALS' OPINION VACATED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant, Sharon Marcum, appeals from the Pulaski County Circuit Court's order granting the motion to dismiss filed by appellee, Robert Hodge, Special Administrator of the Estate of Nicholas Hendricks. On appeal, Marcum presents two points: (1) Marcum's claims against Hodge were brought within the limitation period set forth in the statute of nonclaim; and (2) the circuit court erred in dismissing Marcum's amended complaint by applying the general three-year statute of limitations instead of the statute of nonclaim. The court of appeals affirmed the circuit court on direct appeal, and we granted Marcum's petition for review. We reverse and remand.

I. *Facts and Procedural History*

This case stems from an automobile accident involving Marcum and Hendricks that occurred on April 15, 2017. On March 16, 2020, Marcum filed a complaint naming

Hendricks as the sole defendant and alleging that she was entitled to damages as the result of Hendricks's negligence. On June 9, Marcum filed a motion for extension of time to complete service because she discovered that Hendricks had died in July 2017. At the time she filed this motion, an estate had not been opened for Hendricks. The circuit court granted the motion, and on June 25, Marcum filed an amended complaint naming Hodge, who had been appointed as the special administrator to oversee Hendricks's estate, as the sole defendant. Hodge was served on June 29, and Marcum filed a notice of her claim against Hendricks's estate in the circuit court's Probate Division on July 31, pursuant to Arkansas Code Annotated section 28-50-101 (the "statute of nonclaim").

On July 28, Hodge filed a motion to dismiss Marcum's amended complaint pursuant to Ark. R. Civ. P. 12(b)(6), alleging that the complaint was barred by the applicable statute of limitations. Specifically, Hodge argued that Marcum's original complaint named Hendricks as the defendant, but since Hendricks was deceased at the time of filing, the complaint was a nullity. Hodge asserted that "[t]he amended complaint identifying a new and separate defendant has been filed beyond the three-year statute of limitations and cannot relate back to the original complaint[.]"

On August 11, Marcum filed a response to Hodge's motion to dismiss, arguing that Hodge had not specified which statute of limitations applied. Marcum asserted that her amended complaint was timely because the controlling limitation period for filing it was the one set forth in the statute of nonclaim since the complaint had been filed against Hendricks's estate. In the alternative, Marcum argued that contrary to Hodge's view, her claim "still survives" under the general three-year statute of limitations for tort claims set

forth in Arkansas Code Annotated section 16-56-105 (Repl. 2005) because of the relation-back doctrine.[1]

On August 18, Hodge filed a reply clarifying his position that the applicable limitation period was the general three-year statute of limitations for tort claims set forth in Arkansas Code Annotated section 16-56-105(1) and stated that "the amended complaint identifying the estate as a defendant was filed beyond the applicable 3-year statute of limitations and is barred as a matter of law." Hodge's reply did not address Marcum's assertion that the statute of nonclaim was the controlling limitation period.

On July 20, 2021, the circuit court, without holding a hearing, entered an order granting Hodge's motion to dismiss. The order stated in pertinent part:

> [B]ased upon a review of the case file and all other matters considered . . . Defendant asserts that the case should be dismissed under the three-year statute of limitations for tort actions . . . Defendant is correct that the original Complaint was a nullity . . . Since the original Complaint was void ab initio, there can be no relation back . . . Therefore, the Court finds and determines that the Defendant's Motion to Dismiss should be granted. Plaintiff's Amended Complaint should be, and is hereby, dismissed with prejudice.

The circuit court's order was silent with respect to Marcum's argument that the statute of nonclaim set forth the controlling limitation period. Marcum filed a timely notice of appeal, and the court of appeals affirmed the circuit court. On March 30, 2023, we granted Marcum's petition for review. Upon granting a petition for review, this court

---

[1]We note that, below, Marcum also argued that (1) Hodge's motion was deficient as it lacked sufficient facts and authority; (2) any error or deficiency in Marcum's amended complaint was not prejudicial to Hodge; and (3) should Marcum's amended complaint fail, special consideration should be given due to the COVID-19 pandemic. However, Marcum abandoned these arguments on appeal. Additionally, Marcum now concedes that her original complaint was a nullity.

considers the appeal as if it had been originally filed in this court. *Rogers v. State*, 2018 Ark. 309, at 1, 558 S.W.3d 833, 835.

## II. *Points on Appeal*

### A. Preservation

Before we turn to the merits of Marcum's appeal, we must first address the threshold issue of preservation. Hodge contends that Marcum's claim that the statute of nonclaim set forth the applicable limitation period is not preserved for our review because Marcum failed to obtain a ruling on it below. Relying on *TEMCO Construction, LLC v. Gann*, 2013 Ark. 202, 427 S.W.3d 651, Hodge asserts that the circuit court granted the motion to dismiss by relying solely on his relation-back argument, and Marcum therefore bore the burden of obtaining a ruling on the separate statute-of-nonclaim argument. Marcum responds that the circuit court directly ruled on her argument, thus preserving it for appeal. Specifically, Marcum contends that the circuit court's order was expressly based on "a review of the case file and all other matters considered," which necessarily included her response to Hodge's motion to dismiss in which she argued that the statute of nonclaim controlled. Further, Marcum asserts that the circuit court's decision to dismiss the action was predicated on its decision that the general three-year statute of limitations was applicable as opposed to the statute of nonclaim. We agree that Marcum's statute-of-nonclaim argument is properly preserved for our review.

It is undisputed that "this court will not consider arguments that are not preserved for appellate review. It is incumbent upon the parties to raise arguments initially to the circuit court in order to give that court an opportunity to consider them. Otherwise, we

4

would be placed in the position of possibly reversing a circuit court for reasons not addressed by that court." *ProAssurance Indem. Co. v. Metheny*, 2012 Ark. 461, at 18, 425 S.W.3d 689, 699–700 (internal citations omitted). We have held that the failure to obtain a ruling on an issue precludes our review on appeal, and "[w]hen a circuit court does not provide a ruling on an issue, it is an appellant's responsibility to obtain a ruling to preserve the issue for appeal." *Pritchett v. Spicer*, 2017 Ark. 82, at 9, 513 S.W.3d 252, 257–58 (internal citations omitted). However, under the circumstances presented to the court in this situation, we find that there was a ruling by the circuit court sufficient to preserve Marcum's statute-of-nonclaim argument for appeal.

The present case is distinguishable from *TEMCO*. In that case, TEMCO, a general contractor, filed a complaint against the Ganns involving the home that TEMCO contracted to construct for them. *TEMCO Constr., LLC,* 2013 Ark. 202, at 2, 427 S.W.3d at 653. The Ganns filed a motion to dismiss on multiple grounds, including that TEMCO was statutorily barred from enforcing the contract pursuant to Arkansas Code Annotated section 18-44-115(a)(4) due to its failure to strictly comply with the materialmen's lien-notice requirements. *Id*. TEMCO's response to the motion included multiple defenses, including (1) the direct-sale exemption set forth in Arkansas Code Annotated section 18-44-115(a)(8) applied, therefore, Arkansas Code Annotated section 18-44-115(a)(4) did not bar its claims; (2) if the statutory bar to suit was applicable, then the materialmen's lien statute was unconstitutional; and (3) the doctrine of res judicata did not bar its claims. *Id*. at 3, 427 S.W.3d at 654. The circuit court's order granted the motion to dismiss solely on the grounds that TEMCO's claims were statutorily barred by Arkansas Code Annotated section 18-44-

115(a)(4) and was silent as to the remaining arguments presented by both parties. *Id.* at 4, 427 S.W. 3d at 654. On appeal, TEMCO raised all three defenses that it argued below, but we held that they were not preserved for our review because the circuit court did not provide a ruling on them, and we declined to presume a ruling from the circuit court's silence. *Id.* at 5, 427 S.W.3d at 655–56.

Here, the circuit court was required to decide between competing limitation periods—the general three-year statute of limitations for tort claims and the limitation period set forth in the statute of nonclaim—to determine whether Marcum's amended complaint was timely. Unlike *TEMCO*, the present case does not involve a situation in which the circuit court was faced with multiple substantively distinct arguments and ultimately chose to dispose of the matter by relying on only one ground. Rather, here, we are not required to make assumptions about the circuit court's decision regarding the arguments presented by Marcum and Hodge, and the lack of a specific mention of the statute-of-nonclaim issue does not mean that the issue was not ruled on. Below, Hodge asserted that Marcum's amended complaint should be dismissed because it was untimely pursuant to the three-year statute of limitations and the relation-back doctrine could not salvage it. Marcum responded that, because the limitation period set forth in the statute of nonclaim was controlling, she should be allowed to proceed against Hodge because her amended complaint was timely filed. Thus, the circuit court's decision on Hodge's motion to dismiss necessarily hinged on which limitation period applied in this case. The circuit court plainly applied the three-year statute of limitations in reaching its decision and thereby rejected Marcum's argument that the statute of nonclaim was controlling. The language in the circuit court's order makes this

apparent because the court expressly stated that it had reviewed the case file, and after applying the three-year statute of limitations offered by Hodge, it concluded that "[Hodge] is correct" and granted the motion to dismiss.

We therefore conclude that, under these circumstances, Marcum's argument that the statute of nonclaim was the controlling limitation period is preserved for our review.

B. Applicable Limitation Period

Having found that Marcum's argument regarding the applicability of the statute of nonclaim is properly before this court, we turn to the merits of her appeal. Although presented as two separate points on appeal, we have combined the two issues for purposes of our discussion.

The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Brown v. Towell*, 2021 Ark. 60, at 6, 619 S.W.3d 17, 20. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Russell v. Kelley*, 2019 Ark. 278, at 2, 585 S.W.3d 658, 659. "When reviewing a circuit court's order granting [or denying] a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed." *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 4–5, 639 S.W.3d 319, 321 (internal quotation marks and citations omitted). "In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face." *Hutcherson v. Rutledge*, 2017 Ark. 359, at 2, 533 S.W.3d 77 at 79. "If there is any reasonable doubt as to the application of the statute of

7

limitations, this court will resolve the question in favor of the complaint standing and against the challenge." *Quality Optical of Jonesboro, Inc. v. Trusty Optical, L.L.C.*, 365 Ark. 106, 108, 225 S.W.3d 369, 371 (2006).

Marcum contends that the circuit court erred in dismissing her amended complaint under the three-year statute of limitations, because the applicable limitation period when suits are commenced against estates is set forth in the statute of nonclaim. Specifically, Marcum asserts that the limitation period set forth in the statute of nonclaim supersedes the general three-year statute of limitations because her claims were not barred at the time of Hendricks's death. Hodge responds that we considered and rejected Marcum's precise argument in *Crenshaw v. Special Adm'r of Est. of Ayers*, 2011 Ark. 222, and are therefore bound by that decision. Further, Hodge asserts that Arkansas Code Annotated section 28-50-101(f)(1) makes clear that the general three-year statute of limitations controls under the circumstances. Finally, Hodge contends that the statute of nonclaim is a provision of the Probate Code that applies only to general administrators and personal representatives—not to special administrators. We are not persuaded by Hodge's arguments.

Generally, tort claims are subject to a three-year statute of limitations which begins to run when a negligent act occurs. *Grand Valley Ridge, LLC v. Metro. Nat'l Bank*, 2012 Ark. 121, at 18, 388 S.W.3d 24, 35; *see also* Ark. Code Ann. § 16-56-105(1). However, the claims in the present case were brought against an estate. With respect to such claims, our Probate Code reads in pertinent part:

> (a) STATUTE OF NONCLAIM.
> (1)[*A*]*ll claims against a decedent's estate* . . . shall be forever barred as against the estate . . . unless verified to the personal representative or filed with the court

8

within six (6) months after the date of the first publication of notice to creditors.

(2) *All claims for injury or death caused by the negligence of the decedent* shall also be filed within six (6) months from the date of first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate.

(b) STATUTE OF LIMITATIONS. No claim shall be allowed which was barred by any statute of limitations at the time of the decedent's death.

(c) WHEN STATUTE OF NONCLAIM NOT AFFECTED BY STATUTE OF LIMITATIONS. *No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death*, if the claim shall be presented to the personal representative or filed with the court within six (6) months after the date of the first publication of notice to creditors.

Ark. Code Ann. § 28-50-101(a)-(c) (emphasis added). Thus, the applicability of the statute of nonclaim depends on whether a claim would have been barred pursuant to the generally applicable statute of limitations at the time of the decedent's death. *See id*. If the claim would not have been barred, then the general statute of limitations yields to the statute of nonclaim, and the claimant must comply with the requirements therein. *See id*.

The language set forth in the Probate Code is consistent with our longstanding precedent regarding the statute of nonclaim and its relationship with other statutes of limitation in situations involving claims against estates. This court has long held that the statute of nonclaim is the "true rule of limitation, as to all claims against the estates of deceased persons[.]" *Walker v. Byers*, 14 Ark. 246, 247 (1853). We have recognized that "the general statute of limitations was designed to operate upon the rights of parties while living, and was not designed to apply after death to claims against the estates of deceased persons, the statute of non–claim, as to such estates, giving the rule of limitation[.]" *Id*. at 259. In *Lopez v. Waldrum Estate*, we acknowledged once again that the application of the statute of nonclaim "as a statute of limitations superseding any other applicable statute, [is]

9

not novel, since this rule [has] been Arkansas common law for more than a century[.]" 249 Ark. 558, 561, 460 S.W.2d 61, 63 (1970) (citing *Walker v. Byers*, 14 Ark. 246 (1853)).

Hodge first asserts that we are bound by our decision in *Crenshaw*, but we are unpersuaded by this argument. Although the appellant raised an issue similar to the one that is now before this court, we did not reach our decision in *Crenshaw* based on the merits of the argument. *Crenshaw v. Special Adm'r of Est. of Ayers*, 2011 Ark. 222, at 7. Rather, we rejected the appellant's argument that his action was timely pursuant to the statute of nonclaim on the basis that "Crenshaw offer[ed] no authority or convincing argument supporting his position, and his argument on this issue [was] not developed." *Id.* Therefore, *Crenshaw* is inapplicable to the present case.

For his second argument, Hodge asserts that Arkansas Code Annotated section 28-50-101(f)(1) supports the application of the general three-year statute of limitations when the statutes are construed together. This argument is without merit. Arkansas Code Annotated section 28-50-101(f)(1) reads in pertinent part:

> Notwithstanding the foregoing provisions relating to the time for filing claims against an estate . . . a tort claim or tort action against the estate of a deceased tortfeasor, to the extent of any recovery which will be satisfied from liability insurance or from uninsured motorist insurance coverage and which will not use, consume, or deplete any assets of the decedent's estate, *may* be brought within the limitation period otherwise provided for the tort action.

Ark. Code Ann. § 28-50-101(f)(1) (emphasis added). Contrary to Hodge's assertion that the above language indicates that the general three-year statute of limitations controls here, the permissive language merely allows certain tort claims to be brought against an estate within the generally applicable limitation period.

Finally, there is also no merit to Hodge's third argument that the statute of nonclaim does not apply to special administrators.[2] The Probate Code specifies that the law and procedure applicable to personal representatives also applies to special administrators unless a provision specifically states otherwise. *See* Ark. Code Ann. § 28-48-103(e). Therefore, given its lack of any such limiting language, we find that the statute of nonclaim applies to special administrators and personal representatives alike.

Here, we conclude that the statute of nonclaim, as opposed to the general three-year statute of limitations, governs Marcum's claims against Hodge and that she timely filed her amended complaint pursuant to the applicable limitation period set forth therein. The record demonstrates that the automobile accident from which Marcum's negligence allegations against Hendricks arose occurred on April 15, 2017. Therefore, the three-year statute of limitations would have expired on April 15, 2020. Because Hendricks died only three months after the accident, in July 2017, Marcum's claims were clearly not barred by the general statute of limitations at the time of Hendricks's death. Consequently, according to the Probate Code, Marcum's claims against Hendricks's estate are to be governed by the statute of nonclaim and considered timely as long as she either presented the claims to the personal representative of the estate or filed them with the court within six months of the

---

[2]We note that, in support of this argument, Hodge explains that "the estate has a special personal representative whose appointment was sought by Ms. Marcum to accept service of the lawsuit despite the Supreme Court's clear admonition in *Doepke v. Smith* [248 Ark. 511, 513, 452 S.W.2d 627, 628 (1970)], that a special administrator cannot be appointed solely to assert such rights as a claimant might have had against the decedent or his insurance carrier[.]" To the extent that Hodge is challenging the legitimacy of his appointment as the special administrator, he fails to develop this argument. We have held that "we will not make a party's argument for them or consider an argument that is not properly developed." *Teris, LLC v. Chandler*, 375 Ark. 70 at 86, 289 S.W.3d 63 at 75 (2008).

11

date that the required notice to creditors was first published. Although it is unclear from the record when Hodge first published this notice, we note that Marcum served Hodge with the amended complaint *and* filed notice of her claims against Hendricks's estate with the court within six months of Hendricks's estate being opened and Hodge being appointed as the special administrator. Based on the foregoing, the statute of nonclaim governs Marcum's claims, superseding the general three-year statute of limitations, and her amended complaint was therefore timely filed.

Accordingly, treating the facts in the amended complaint as true, it is not clear from the face of the complaint that it was time-barred pursuant to the general three-year statute of limitations. Based on the record before us, we conclude that the circuit court abused its discretion by applying the general three-year statute of limitations and dismissing Marcum's amended complaint as untimely rather than applying the applicable limitation period set forth in the statute of nonclaim.

Reversed and remanded; court of appeals' opinion vacated.

KEMP, C.J., and HUDSON, J., dissent.

**JOHN DAN KEMP, Chief Justice, dissenting.** Appellant Sharon Marcum raises an issue involving the statute of nonclaim, set forth in Arkansas Code Annotated section 28-50-101 (Repl. 2012), on which the circuit court did not rule. For the following reasons, I would hold that the issue is not preserved for appellate review. I must respectfully dissent.

In Marcum's response to appellee Hodge's motion to dismiss, she asserted that her action was filed within the applicable timeline under the statute of nonclaim, pursuant to section 28-50-101, and under the three-year statute of limitations for tort actions, pursuant

to Arkansas Code Annotated section 16-56-105 (Repl. 2005), through the relation–back doctrine. But the circuit court entered an order dismissing her complaint under section 16-56-105 without mentioning the statute of nonclaim, without ruling on it, and without providing any rationale for why it would or would not apply in these circumstances.

Arkansas case law is replete with the proposition that an appellate court will not review a matter on which the circuit court has not ruled and has remained silent. In *TEMCO Construction, LLC v. Gann*, 2013 Ark. 202, at 7, 427 S.W.3d 651, 656, this court stated,

> *The court has made it clear that it will not review a matter on which the circuit court has not ruled. Ark. Lottery Comm'n v. Alpha Mktg.*, 2012 Ark. 23, 386 S.W.3d 400. *Nor will this court presume a ruling from the circuit court's silence. Id.*; *see also Wilson v. Dardanelle Dist. of Dist. Ct. of Yell Cnty.*, 375 Ark. 294, 290 S.W.3d 1 (2008).

*Ground Zero Constr.* [*v. Walnut Creek, LLC*], 2012 Ark. 243, at 7–8, 410 S.W.3d [579,] 583.

> We have held that we will not review a matter on which the circuit court has not ruled, *and a ruling should not be presumed. Wilson v. Dardanelle Dist. of the Dist. Court of Yell Cnty.*, 375 Ark. 294, 290 S.W.3d 1 (2008) (emphasis supplied); *see also Stilley v. Univ. of Ark. at Fort Smith*, 374 Ark. 248, 287 S.W.3d 544 (2008); *Reed v. Guard*, 374 Ark. 1, 285 S.W.3d 662 (2008); *Fordyce Bank & Trust Co. v. Bean Timberland, Inc.*, 369 Ark. 90, 251 S.W.3d 267 (2007).

*Alpha Mktg.*, 2012 Ark. 23, at 6–7, 386 S.W.3d [400,] 404.

Following this longstanding precedent, I adhere to the doctrine of stare decisis. Because the circuit court failed to rule on the statute of nonclaim, this court should not presume a ruling from the circuit court's silence. It is incumbent upon the trial attorney to obtain a ruling—to file a motion to amend or a motion for clarification, for example—but Marcum's counsel did not do so.

The majority opines that "Marcum's statute-of-nonclaim argument is properly preserved for our review" because "the circuit court was required to decide between competing limitation periods" and, in "appl[ying] the three-year statute of limitations[,]" the circuit court "thereby rejected Marcum's argument that the statute of nonclaim was controlling." But in my view, this holding poses a slippery slope in allowing unpreserved challenges throughout the record. This court's well-settled rule dictates that in order to preserve arguments for appeal, *even constitutional ones*, the appellant must obtain a ruling below. *Doe v. Baum*, 348 Ark. 259, 277, 72 S.W.3d 476, 486 (2002). To hold otherwise upends our case law on preservation. Thus, I would hold that the matter is not preserved. Accordingly, I would affirm.

HUDSON, J., joins.

*The Law Offices of Peter Miller*, by: *Paige Edgin*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Mark D. Wankum*, for appellee.