## Ira BUSBEE *v.* ARKANSAS DEPARTMENT of HEALTH & HUMAN SERVICES; L.B. (Minor Child)

06-1089                                                   255 S.W.3d 463

Supreme Court of Arkansas
Opinion delivered April 12, 2007

[Rehearing denied May 17, 2007.]

*Dale Casto*, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, for appellee.

*Teresa McLemore*, attorney ad litem.

PAUL DANIELSON, Justice. Appellant Ira Busbee initiated this appeal after an order terminating his parental rights was entered by the circuit court on July 15, 2006, which additionally granted appellee Arkansas Department of Health and Human Services (DHHS) the power to consent to the adoption of L.B., Busbee's minor child. Busbee appealed that order to the Arkansas Court of Appeals, alleging two points of error: (1) that the circuit court erred in finding that there was sufficient evidence and that it was in the best interest of L.B. to terminate his parental rights; and (2) that the circuit court erred by not dismissing the termination petition where the termination hearing was not held within ninety days. We granted certification of this case pursuant to Ark. R. Sup. Ct. 1-2(b)(1) & (b)(4), as one involving an issue of first impression and an issue of substantial public interest.

In its certification memo, the court of appeals suggested that the issues for this court to determine were: (1) what orders are relevant to a termination hearing under Ark. Sup. Ct. R. 6-9(c)(1) (2006), and (2) whether the mere fact of inevitable delay is sufficient good cause to override the requirement of Ark. Code Ann. § 9-27-341(d)(1) (Supp. 2005) that a termination hearing be held within ninety days of the filing of the petition to terminate. We accepted the court of appeals' certification on March 6, 2007, but only with respect to what orders are relevant to a termination hearing under Ark. Sup. Ct. R. 6-9(c)(1).

The facts leading to this appeal are as follows. L.B. was adjudicated by the court to be dependent-neglected and came into DHHS's care in April of 2005. The mother's parental rights as to L.B. were terminated on December 7, 2005, by an order filed on January 4, 2006. At that point, the goal remained reunification with Busbee due to his partial compliance and progress. A permanency planning hearing was held on March 8, 2006, at which time the circuit court found that it was in L.B.'s best interest that the permanency goal be adoption.[1] The circuit court also set the termination hearing for June 15, 2006. On March 16, 2006, DHHS filed the petition for termination of parental rights and sought authority to consent to permanent alternate placement and adoption of L.B. The day of the termination hearing, Busbee moved to dismiss the petition, arguing that the hearing was improperly held on the ninety-first day after the petition was filed. The circuit court determined that good cause had been shown to hold the termination hearing outside the ninety days and, on June 15, 2006, found that it was in L.B.'s best interest that Busbee's parental rights be terminated. The order terminating Busbee's rights was filed on July 13, 2006, which Busbee now appeals.

Pertinent to our review is DHHS's allegation, in its responsive brief, that Busbee's record is deficient because he did not include all relevant orders in the record. We note that, on July 1, 2006, this court adopted new court rules for appeals in dependency-neglect cases.[2] See Ark. Sup. Ct. R. 6-9. Subsection (c)(1) of Ark. Sup. Ct. R. 6-9 states:

---

[1] As of April 6, 2006, L.B. had been living outside of the home for twelve months.

[2] After reviewing the record before us, it appears that the circuit court assumed it was operating under the old rules at the hearing on June 15, 2006; however, the final order was filed on July 13, 2006, and the record on appeal was lodged September 25, 2006. Therefore, the new court rules regarding dependency-neglect cases, which were adopted on July 1, 2006,

> The record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any *petitions, pleadings, and orders relevant to that hearing*, and all exhibits entered into evidence at that hearing.

(Emphasis added).

DHHS contends that the circuit court considered evidence such as previous findings, orders, and testimony in its determination that there was clear and convincing evidence to terminate Busbee's parental rights. Furthermore, DHHS asserts that, because those things were incorporated and considered by the circuit court in making its final decision, the pleadings and orders in the case, including the adjudication order, any review orders, and the permanency planning order, are all relevant to the final termination order. Determining what must be included in the record for this appeal requires an interpretation of the rule and application of that interpretation to the facts in this case.

We construe our rules using the same means that are used to interpret statutes. *See Aikens v. State*, 368 Ark. 641, 249 S.W.3d 788 (2007). First, the rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* There is no need to resort to rules of statutory construction when the language is plain and unambiguous. *See id.*

Ark. Sup. Ct. R. 6-9(c)(1) makes it clear that any petitions, pleadings, and orders relevant to the termination hearing are to be included in the record, as well as all exhibits that are actually entered into evidence at the hearing. For the circuit court to find, after the termination hearing, that it is in the best interest of the child involved to terminate the parental rights, it is required to find so by clear and convincing evidence. *See Linker-Flores v. Ark. Dep't of Human Servs.*, 364 Ark. 224, 217 S.W.3d 107 (2005). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *See id.*

We have observed that when a termination order is appealed, the reviewing court must determine if the circuit court was

---

apply to the instant appeal. *See In Re: Adoption of Rules 6-9 & 6-10 of the Supreme Court & Court of Appeals (Rules for Appeals in Dependency-Neglect Cases)*, 366 Ark. App'x 628 (2006) (per curiam) (holding that "[t]hese rules are effective July 1, 2006 at which time appeals shall be commenced by filing the Notice of Appeal and Designation of Record (Form 1) as set out in Rule 6-9"). Regardless, our conclusion would be the same under either set of rules.

clearly erroneous in finding that termination of the parental rights was proven in the best interest of the child by clear and convincing evidence. *See id.* A reviewing court cannot possibly determine whether a circuit court's decision was clearly erroneous without the ability to review each order upon which a circuit court has based its final decision. A clearly-erroneous standard of review expressly contemplates a review of the entire record. *See Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485 (1984).

For purposes of reviewing an order terminating parental rights, our rules limit the "entire record" to the transcript of the termination hearing from which the termination order on appeal arose; any petitions, pleadings, and orders relevant to the termination hearing; and all exhibits entered into evidence at the termination hearing. *See* Ark. Sup. Ct. R. 6-9(c)(1). Here, the circuit court, at the termination hearing, specifically incorporated into the record all the pleadings and exhibits from the adjudication forward. Therefore, the petitions, pleadings, and orders from the adjudication forward were clearly relevant to the hearing and to the final decision of the circuit court. Thus, they should have been included in the record for the reviewing court.

As previously noted, this case was certified to us by the court of appeals, and we accepted the certification for the sole purpose of addressing what constitutes orders relevant to a termination hearing. We have determined that all orders relied upon by the circuit court in making its final decision to terminate parental rights are relevant. In addition, we have held that the burden is on the appellant to bring up a proper record to demonstrate that the circuit court was in error. *See Young v. Young*, 288 Ark. 33, 701 S.W.2d 369 (1986). Because Busbee has failed to include in the record all orders relevant to the termination hearing, we find that he failed to meet his burden of bringing up a proper record and, therefore, dismiss his appeal.

Appeal dismissed.

GLAZE, J., would remand with directions to dismiss.