256 S.W.3d 504 (2007)
John POSEY, Sr., Appellant,
v.
ARKANSAS DEPARTMENT OF HEALTH & HUMAN SERVICES and J.P. & J.P., Minor Children, Appellee.
No. 06-1274.
Supreme Court of Arkansas.
May 4, 2007.
*505 Appellant, pro se.
No response.
PER CURIAM.
Appellant, John Posey, Sr., appeals from the August 18, 2006 Pulaski County Circuit Court order terminating his parental rights and granting to the Arkansas Department of Health and Human Services (DHHS) the power to consent to adoption. We cannot reach the merits of this appeal because Posey's brief does not comply with Arkansas Supreme Court Rule 6-9 (2006), which provides the rules for appeals in dependency-neglect cases. The pertinent portion of that rule provides:
Following the signature and certificate of service, the appellant's petition shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, a copy of the notice of appeal, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case, which may include, but are not limited to, affidavits, petitions, case plan, court reports, court orders, or other exhibits entered into the record during the hearing from which the appeal arose. The addendum shall include an index of its contents and shall also designate where any item appearing in the addendum can be found in the record.
Ark. Sup.Ct. R. 6-9(e)(2)(E) (emphasis added).
As noted in Busbee v. Arkansas Department of Health and Human Services, 369 Ark. 416, 255 S.W.3d 463 (2007), Rule 6-9 is a new rule that we adopted on July 1, 2006, to govern appeals in dependency-neglect cases. We construe our rules using the same means used to interpret statutes. See id. We do not resort to the rules of statutory construction when the language is plain and unambiguous. *506 See id. Arkansas Supreme Court Rule 6-9(e)(2)(E) is clear that any relevant pleadings, documents, or exhibits that are essential to an understanding of the case shall be included in the Addendum. Those documents include the relevant court orders that are essential to an understanding of the case.
Here, Posey's Addendum contains only his notice of appeal, the circuit court's termination order, and the DHHS petition for termination of parental rights. None of the previous orders considered by the circuit court in its decision to terminate Posey's rights were included in the Addendum. The circuit court specifically said in its order that "[t]he probable cause order, adjudication and disposition order, Rev hearing order, and permanency planning hearing order were identified, considered, and admitted into the record." Because these orders were relied on by the circuit court, they are essential to an understanding of this case and should have been included in the appellant's Addendum along with any other pleadings, documents, or exhibits that are essential to an understanding of this case.
Accordingly, we order Posey to submit a substituted brief that contains an Addendum that is in compliance with our rules. Posey is provided with fifteen days from the date of this opinion in which to file a substituted brief, abstract, and Addendum to cure the deficiencies, at his own expense. See Ark. Sup.Ct. R. 4-2(b)(3) (2006). In the event that Posey fails to file a complying brief within the requisite time period, the judgment may be affirmed for noncompliance with the rule. See id.
Rebriefing ordered.