James W. STANLEY (Arkansas Bar No. 75124) *v.* Stark LIGON, Executive Director, Arkansas Supreme Court Committee on Professional Conduct

07-845                                                 285 S.W.3d 649

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Gordon, Caruth & Virden, P.L.C.,* by: *Bart F. Virden,* for appellant.

*Stark Ligon* and *Gwendolyn L. Rucker,* Arkansas Supreme Court Office of Professional Conduct, for appellee.

DONALD L. CORBIN, Justice. Appellant/Petitioner James W. Stanley appeals the July 20, 2007 order of the Supreme Court Committee on Professional Conduct (the Committee), Panel A, denying his motion for reconsideration and for de novo appeal. Ultimately, however, this case is before this court because of the reciprocal suspension of Stanley's right to practice law imposed by Panel B of the Committee. Contemporaneously with his appeal, Stanley filed a petition for writ of mandamus. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(5) as an appeal involving the discipline of attorneys-at-law and to Ark. Sup. Ct. R. 1-2(a)(3) as a petition for writ of mandamus. We dismiss the appeal, but grant a writ of mandamus.

On April 24, 2007, Panel B issued an order of reciprocal suspension based upon information provided to the Committee by the Social Security Administration (SSA) and the Department of Veterans Affairs (VA) that Stanley's accreditation to represent claimants before those agencies had been cancelled by the VA and suspended for five years by the SSA. The VA's and SSA's actions against Stanley revolved around violations of the agencies' respective regulations on compensation and fees. In its order, Panel B explained that pursuant to the mandate of Section 14 of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (the Procedures), it was

imposing a "like suspension" of five years on Stanley's license to practice law in Arkansas effective as of the date the order was filed with the clerk of this court.[1]

After learning of the reciprocal suspension, Stanley filed a motion for reconsideration or alternatively a de novo appeal to Panel A. He pointed out that both the VA's and SSA's actions were still pending appeal and asked for the opportunity to be heard on the issue of whether section 14 was applicable to his situation. Panel B denied this motion without explanation.

Following Panel B's denial of his requested relief, Stanley filed a notice of appeal to Panel A and again attempted to obtain a de novo public hearing before that panel in order to contest the applicability of section 14 to his situation. The Executive Director responded that the reciprocal action taken by the Committee was by summary proceeding in accordance with section 14, which does not provide for a de novo review by a subsequent panel after a reciprocal suspension has been imposed. In its July 20, 2007 order, Panel A denied Stanley's request because the panel found it did not have jurisdiction under the Procedures to grant Stanley's motion for a de novo hearing.

Stanley then filed with this court a notice of appeal of the July 20 order. Contemporaneously therewith, Stanley filed a petition for writ of mandamus to compel the Executive Director to docket his case for a de novo public hearing before Panel A. We consider together the appeal and petition for writ of mandamus.

We first consider the appeal. Our review of the Procedures reveals that they do not provide for an appeal to this court from the Committee's decision to reciprocally disbar or suspend an attorney pursuant to section 14. Section 14 is completely silent on the matter of an appeal to this court. Moreover, on the particular facts presented in this case, no other section of the Procedures provides such a right to appeal. Section 12 of the Procedures governing appeals specifically allows an attorney or the Executive Director "aggrieved by an action of a panel taken *at a public hearing*" to appeal the decision to this court. (Emphasis added.) Here, however, there was no such public hearing so Stanley does not

---

[1] The same day that the order was filed, the Supreme Court Office of Professional Conduct sent a letter notifying Stanley of the suspension. Although the record indicates the letter was sent to an erroneous address, Stanley does not contest the issue of notice here.

have the right to appeal under section 12. Because we find no provision for an appeal to this court from the Committee's finding of a reciprocal suspension, we must dismiss the appeal.

We now consider Stanley's request for mandamus relief. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *See Centerpoint Energy, Inc. v. Miller County Circuit Court*, 372 Ark. 343, 276 S.W.3d 231 (2008). A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Id.* When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* However, a writ of mandamus will not lie to control or review matters of discretion. *Id.*

In the present case, Stanley seeks a writ of mandamus directing the Executive Director to docket this case for a de novo public hearing before Panel A of the Committee because there are genuine issues as to whether section 14 is applicable on the facts presented. In its entirety, section 14 provides:

> A. The disbarment or suspension of any person from the practice of law in any other state shall operate as a disbarment or suspension of such person from the practice of law in this State under any license issued to such person by the Arkansas Supreme Court prior to his or her disbarment or suspension in such other state.

> B. Upon presentation of a certified order or other proper document of a tribunal or a corresponding disciplinary authority of another jurisdiction evidencing disbarment or suspension, the Committee by summary proceeding shall cause a like sanction to be imposed and shall notify the Clerk of such action. Notice of the Committee's action shall be sent to the attorney's mailing address of record with the Clerk.

It is well settled that we construe our court rules using the same criteria, including canons of construction, that are used to interpret statutes. *See Ligon v. Stewart*, 369 Ark. 380, 255 S.W.3d 435 (2007) (citing *Cortinez v. Arkansas Sup. Ct. Comm. on Prof'l Conduct*, 353 Ark. 104, 111 S.W.3d 369 (2003)). First, the rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See Busbee v. Arkansas Dep't of Health & Human Servs.*, 369 Ark. 416, 255 S.W.3d

463 (2007). There is no need to resort to rules of construction when the language is plain and unambiguous. *Id.* While section 14 does not contain the words "appeal" or "de novo hearing," certainly the ordinary and usually accepted meaning of the words "notice" and "summary proceeding" used in section 14 require that some kind of "proceeding" be held in which an attorney can challenge the application of section 14 to his case.

As was said years ago, "[a] lawyer's right to practice his profession is a valuable privilege, conferred in the first instance by this court and not to be taken from him without notice and a hearing as provided by law." *Ex Parte Burton*, 237 Ark. 441, 445, 373 S.W.2d 409, 411 (1963). Accordingly, it is the duty of this court, through its power to regulate the practice of law, to ensure that due process is afforded in attorney-discipline proceedings. Here, section 14 clearly and expressly provides for "[n]otice of the Committee's action" and a "summary proceeding." It is clear that, in accordance with principles of due process and as part of the summary proceeding contemplated in section 14, Stanley was entitled to be heard on the issue of whether section 14 was applicable to his situation.[2] Stanley has thus demonstrated that he is entitled to the relief he seeks in his petition for writ of mandamus.

Although Stanley is entitled to the relief sought, mandamus can only be granted in the absence of any other adequate remedy. *Centerpoint*, 372 Ark. 343, 276 S.W.3d 231. As stated previously in our foregoing consideration of Stanley's appeal, neither section 14 nor any other section of the Procedures provides for an appeal from a decision to reciprocally disbar or suspend an attorney. Neither does Stanley have another form of redress in filing a petition for reinstatement. Although the order of reciprocal suspension entered in this case set forth that Stanley has the right to petition for reinstatement in accordance with the Procedures,

---

[2] This conclusion is supported by the ABA model rules and other jurisdictions that specifically provide for notice and an opportunity to demonstrate that reciprocal discipline should not be imposed. *See, e.g.*, Model Rules of Lawyer Disciplinary Enforcement R. 22B (2002) (governing, in part, reciprocal discipline and providing for notice and an opportunity to respond); D.C. Rules of Prof'l Conduct R. XI, § 11 (governing reciprocal discipline and providing for notice and an opportunity to show why an identical discipline should not be imposed); N.Y. Comp. Codes R. & Regs. tit. 22, § 603.3 (governing the discipline of attorneys for professional misconduct in foreign jurisdictions, and providing for notice, an opportunity to file a verified statement setting forth evidentiary facts for any defense to discipline, and an opportunity to make a written demand for a hearing).

section 23 only allows an attorney desiring reinstatement to file a verified petition with the Executive Director following "any period of suspension from the practice of law." Because of the inability to even seek reinstatement until after a suspension is served, the possibility of reinstatement is not an adequate remedy for Stanley. Stanley has thus established both a right to relief and the absence of any other adequate remedy and has therefore demonstrated a right to mandamus relief.

The relief Stanley requested was an opportunity to challenge section 14's application to his situation.[3] Stanley has received that opportunity given that the issues concerning section 14's applicability were fully briefed to this court by both sides in their respective briefs as well as discussed during oral argument to this court. However, a writ of mandamus is necessary because the Committee clearly exceeded its authority, as section 14 is simply not applicable to the present case. Stanley was never disbarred or suspended "from the practice of law in any other state" as expressly required in section 14.A. Furthermore, neither of the administrative agencies we are concerned with here is a "tribunal or a corresponding disciplinary authority of another jurisdiction" as contemplated in section 14.B.[4] The Committee thus exceeded its authority by applying section 14's provisions for reciprocal suspension to an administrative agency that is not a state or other jurisdiction or tribunal vested with the ultimate authority to license and discipline attorneys in the practice of law.

---

[3] Stanley only seeks relief on the issue of whether section 14 is applicable to the present situation. Stanley does not have the right to relitigate the issues related to the SSA's and the VA's respective actions. It is clear from the record that Stanley was afforded due process in those proceedings, such that the outcome cannot be challenged in this court. See In re Jones, 855 N.Y.S.2d 451 (N.Y. App. Div. 2008) (per curiam) (explaining that an attorney cannot relitigate issues already addressed and fully litigated in the other disciplinary proceeding).

[4] While the SSA and VA are administrative agencies with authority to regulate who represents claimants before them, they are not regulating the practice of law when so doing. In fact, the SSA and VA do not require one to be licensed to practice law when representing claimants in their respective proceedings. See 42 U.S.C. § 406 (Supp. V) and 38 U.S.C. § 5904 (2000 & Supp. V). Thus, when the SSA suspended Stanley from representing claimants for five years, that did not amount to a suspension from the practice of law as the Committee erroneously stated in its April 24 order of reciprocal suspension. Because neither of these two agencies is vested with authority to regulate the practice of law, neither could be considered "a corresponding disciplinary authority" as that term is used in section 14.

Accordingly, we declare the Committee erred in applying section 14 when issuing its April 24, 2007 order of reciprocal suspension and hereby direct the Committee to declare that order null and void. We further direct the Committee to reinstate Stanley to the practice of law.

Appeal dismissed; petition for writ of mandamus granted.

GLAZE, J., not participating.