SLIP OPINION

Cite as 2015 Ark. 217

# SUPREME COURT OF ARKANSAS

No. CV-15-255

|  |  |
|---|---|
| | **Opinion Delivered** May 14, 2015 |
| EDMOND McCLINTON<br>                              PETITIONER<br><br>V.<br><br><br>JODI RAINES DENNIS, CIRCUIT<br>JUDGE<br>                              RESPONDENT | PRO SE PETITION FOR WRIT OF<br>MANDAMUS<br>[LINCOLN COUNTY CIRCUIT<br>COURT, NO. 40CV-14-67]<br><br><br><br><br>PETITION DISMISSED. |

## PER CURIAM

On April 2, 2015, Edmond McClinton filed a petition for writ of mandamus in this court. The petition pertains to a pro se petition for writ of habeas corpus filed by McClinton in the Lincoln County Circuit Court on October 1, 2014. McClinton does not allege that the respondent, the Honorable Jodi Raines Dennis, Circuit Judge, has not acted in a timely manner on the habeas petition. Rather, he argues that the petition for writ of habeas corpus was meritorious and asks that this court release him from custody on the grounds raised in the habeas petition.

Judge Dennis timely filed a response to the mandamus petition to which was appended a copy of her order entered January 20, 2015, dismissing the habeas petition. As the habeas petition was acted on approximately two months before the instant mandamus action was filed here and the order indicates that a copy of the order was provided to McClinton, it appears that McClinton is seeking to have this court grant the relief that the circuit court declined to grant

in its order.

The purpose of a writ of mandamus in a civil or a criminal case is to enforce an established right or to enforce the performance of a duty. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. Mandamus will not lie to grant a writ of habeas corpus, and the proper means of seeking review of the denial of a habeas petition is by appeal. *See In re Review of Habeas Corpus Proceedings*, 313 Ark. 168, 169, 852 S.W.2d 791, 791 (1993) (per curiam). A mandamus action in this court is not a substitute for an appeal from a habeas order. *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988). Accordingly, if McClinton desired to challenge the order entered by the circuit court in this matter, his remedy was to file a timely notice of appeal and proceed to perfect an appeal to this court in accordance with the prevailing rules of procedure. This court will not issue a writ of mandamus where the petitioner had the adequate remedy of seeking review by appeal. *Burney v. Hargraves*, 264 Ark. 680, 573 S.W.3d 912 (1978).

A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Stanley v. Ligon*, 374 Ark. 6, 9, 285 S.W.3d 649, 652 (2008). Mandamus cannot be used to correct a decision already made. *Id.* Because McClinton is seeking relief outside the scope of a mandamus proceeding, the petition for writ of mandamus is dismissed.

Petition dismissed.