

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–120

| | |
|---|---|
| JESSICA MERRITT | **Opinion Delivered** JUNE 3, 2015 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. JV-2014-595] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE VICKI SHAW COOK, JUDGE |
| APPELLEES | REMANDED TO SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

### M. MICHAEL KINARD, Judge

Appellant Jessica Merritt appeals from the order adjudicating her children dependent–neglected. We cannot reach the merits of the appeal because Merritt's brief does not comply with Arkansas Supreme Court Rule 6-9, which governs appeals in dependency-neglect cases. Rule 6-9 provides in pertinent part as follows:

> Following the signature and certificate of service, the appellant's petition shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, a copy of the notice of appeal, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case, which may include, but are not limited to, affidavits, petitions, case plan, court reports, court orders, or other exhibits entered into the record during the hearing from which the appeal arose, and all orders entered in the case prior to the order on appeal. The addendum shall include an index of its contents and shall also designate where any item appearing in the addendum can be found in the record.

Ark. Sup. Ct. R. 6-9(e)(2)(E).

SLIP OPINION

Among the prior orders entered in this case was the probable-cause order, which appellant failed to include in her addendum. The trial court's adjudication order, the order from which this appeal is taken, recites the date the probable-cause order was entered and the findings the court made therein. In *Posey v. Arkansas Department of Health and Human Services*, 370 Ark. 1, 256 S.W.3d 504 (2007), the supreme court held that prior orders considered by the trial court in reaching its decision were essential to an understanding of the case and should be included in the appellant's addendum.

The probable-cause order was also omitted from the record. Arkansas Supreme Court Rule 6-9(c)(1) provides that

> [t]he record for appeal shall be limited to the transcript of the hearing from which the order on appeal arose, any petitions, pleadings, and orders relevant to the hearing from which the order on appeal arose, all exhibits entered into evidence at that hearing, and all orders entered in the case prior to the order on appeal.

If anything material to either party is omitted from the record, by error or accident, we may direct that the omission be corrected, and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e). We remand the case and order appellant to supplement the record within thirty days of the date of this opinion. Pursuant to Arkansas Supreme Court Rule 4-2(b)(4), we further order appellant to submit a supplemental addendum containing the omitted order within seven days from the date the record is supplemented. *See McBride v. Arkansas Department of Human Services*, 2013 Ark. App. 389.

Remanded to supplement the record; supplemental addendum ordered.

WHITEAKER and HOOFMAN, JJ., agree.



*Dusti Standridge*, for appellant.

*Tabitha B. McNulty*, Office of Policy & Legal Services, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor children.