Cite as 2015 Ark. 485

# SUPREME COURT OF ARKANSAS

No. CR–15–291

| | |
|---|---|
| CHAD STEVE LAYMON<br>APPELLANT | Opinion Delivered December 17, 2015 |
| V. | APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CR–2014–190] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Chad Steve Laymon appeals from his conditional plea of guilty to a charge of driving while intoxicated, sixth offense. He argues on appeal that his conviction violated the ex post facto clauses of the United States Constitution and the Constitution of the State of Arkansas. This case was certified to us by our court of appeals pursuant to Arkansas Supreme Court Rules 1–2(b)(1) and 1–2(d) (2015), as presenting an issue of first impression regarding whether an appeal is allowed from appellant's conditional plea. We affirm.

Appellant was charged by information with a violation of Arkansas Code Annotated section 5-65-122 (Supp. 2013), which provides that a sixth of subsequent offense of driving while intoxicated occurring within ten years of a prior offense is a Class B felony. Section 5-65-122 was enacted by the Arkansas General Assembly in 2013, and the offense with which appellant was charged occurred on March 14, 2014. Appellant filed a pretrial motion to

suppress and dismiss in which he argued that the use of his prior driving-while-intoxicated convictions to enhance the punishment for the most recent offense would violate the ex post facto clauses of the federal and state constitutions. He also argued that the State should not be allowed to use his prior convictions because he was not represented by counsel when those convictions were entered.[1] The trial court denied the motion, finding that section 5-65-122 did not violate the ex post facto clauses of either the federal or the state constitution and that appellant had waived his right to counsel when his prior convictions were entered. After the motion was denied, appellant entered a conditional plea of guilty to the charge of driving while intoxicated, sixth offense. The trial court sentenced him to ninety-six months' imprisonment in the Arkansas Department of Correction, with an additional forty-eight months' suspended imposition of sentence. This appeal followed.

We must first determine whether we have jurisdiction to consider the appeal. As noted above, appellant entered a conditional plea of guilty. Arkansas Rule of Criminal Procedure 24.3(b) (2015) provides as follows:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment,
> (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement;
> (ii) to review an adverse determination of a pretrial motion to dismiss a charge because not brought to trial within the time provided in Rule 28.1(b) or (c); or
> (iii) to review an adverse determination of a pretrial motion challenging the constitutionality of the statute defining the offense with which the defendant is charged.

---

[1]Appellant has abandoned this argument on appeal.

Only subsection (b)(iii) of Rule 24.3 could apply to this appeal. Subsection (b)(iii) was added to the rule via an amendment in 2012, and no opinion of this court to date has addressed the issue of what type of constitutional challenge falls under the subsection.

Court rules are construed using the same criteria, including canons of construction, that are used to interpret statutes. *Stanley v. Ligon*, 374 Ark. 6, 285 S.W.3d 649 (2008). A court rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*.

There are two primary ways to challenge the constitutionality of a statute: an as-applied challenge, in which the court assesses the merits of the challenge by considering the facts of the particular case in front of the court, not hypothetical facts in other situations, and a facial challenge, which seeks to invalidate the statute itself. 16 C.J.S. Constitutional Law § 243 (2005). Appellant's challenge appears to be an as-applied challenge to the constitutionality of section 5-65-122. Rule 24.3(b)(iii) applies expressly to pretrial motions challenging the constitutionality of a statute. There is no language in the rule to indicate that only a particular type of constitutional challenge falls under the rule. Therefore, construing the rule just as it reads, an appeal can be heard from a conditional plea following the denial of a pretrial motion challenging the constitutionality of the statute defining the offense to which the defendant pled guilty, regardless of whether the challenge to the statute is an as-applied challenge or a facial challenge. This being the case, we have jurisdiction to consider the appeal.

As to the merits, appellant argues that his conviction under section 5-65-122 violates

SLIP OPINION

the ex post facto clauses of the United States Constitution and the Constitution of the State of Arkansas. Specifically, he contends that the use of his prior convictions for driving while intoxicated, which occurred prior to the passage of section 5-65-122, to enhance the sentence for the most recent violation, which occurred in 2014, violates the ex post facto clauses because it increased his punishment. A law is prohibited as ex post facto when it authorizes punishment for a crime because of an act previously committed, *makes more burdensome the punishment for a crime after its commission*, or deprives one charged with a crime of any defense that was available according to law at the time when the act was committed. *Eichelberger v. State*, 323 Ark. 551, 553, 916 S.W.2d 109,110 (1996) (emphasis in original) (citing *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925)).

In *Sims v. State*, 262 Ark. 288, 556 S.W.2d 141 (1977), a defendant who was convicted twice in 1974 for driving under the influence and charged with the offense a third time in 1976, argued on appeal that treating the 1976 offense as a third offense under Act 931 of 1974 would make that law ex post facto as to him because the first two offenses occurred before the law was passed. In affirming the enhancement of his punishment, we stated,

> All of the authorities relied upon by [Sims] do, indeed hold that a law which makes a crime punishable in a manner in which it was not punishable at the time it was committed is an invalid ex post facto law. *But these cases have no application here, because the offense with which [Sims] was charged was committed after the adoption of Act 931 of 1975.* The enhanced penalty provided for a third offense by that act is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses.

*Sims*, 262 Ark. at 289, 556 S.W.2d at 142 (emphasis added). Here, as in *Sims*, the crime with which appellant was charged occurred *after* section 5-65-122 was enacted. Appellant contends

4

that our decision in *Sims*, as well as our decision in *Garrett v. State*, 347 Ark. 860, 69 S.W.3d 844 (2002), is not dispositive because the enactment of section 5-65-122 increased the penalty for a sixth DWI offense. However, as stated in *Sims*, Act 931 of 1976 enhanced the penalty for a third offense. Based on our holding in *Sims* and the fact that section 5-65-122 did not make more burdensome the punishment for appellant's sixth DWI offense after the commission of that offense, we hold that the trial court did not err in denying appellant's motion to suppress and dismiss.

Appellant also argues on appeal that it violated due process to charge him with a sixth violation when he was not given notice that his prior DWI convictions could be revived and that it violated due process to apply the ten-year look-back provision to him when he could have had his prior misdemeanor DWI convictions sealed. Neither of these arguments is preserved for review. Appellant did not raise either of these arguments before the trial court. We will not consider arguments, even constitutional ones, that are raised for the first time on appeal. *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997). Also, failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *Huddleston v. State*, 347 Ark. 226, 61 S.W.3d 163 (2001). To the extent it could conceivably be said that appellant did raise the arguments below, it is clear that he failed to obtain a ruling from the trial court on either of them. Therefore, we cannot consider the arguments on appeal.

Affirmed.

*Ralph J. Blagg*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.