

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-641

| | | |
|---|---|---|
| | | **Opinion Delivered**  May 24, 2017 |
| SUE GARRISON | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| | APPELLANT | [NO. 16CV-15-206] |
| V. | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| AL AQUINO | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Sue Garrison appeals the Craighead County Circuit Court's grant of appellee Al Aquino's motion for summary judgment on the issue of imputed negligence under Arkansas Code Annotated section 27-16-702. We see no error and affirm.

In August 2013, Sue was involved in a car wreck with Austin Aquino, who was sixteen years old at the time. During the accident, Austin was driving a vehicle owned by his maternal grandmother. As a result of the wreck, Sue sustained injuries. She filed a lawsuit against Austin and his parents, Al Aquino and Carrie Wade. Al and Carrie are divorced, and Carrie has primary legal and physical custody of their three children, including Austin. Al exercises visitation but lives in Texas, while Carrie and the children live in Jonesboro. Sue's lawsuit alleged negligence against Austin and alleged that Austin's negligence was imputed to Carrie and Al pursuant to Arkansas Code Annotated section 27-16-702.

Al moved for summary judgment, arguing that he had not signed Austin's driver's-license-application form, was not authorized under the statute to do so, and had no authority to grant or withhold permission for Austin to drive while in Carrie's custody. After a hearing, the court granted summary judgment in favor of Al, and Sue initiated this appeal.

Sue raises three points on appeal, but her first two points argue the same issue: that the court erred in interpreting section 27-16-702 as not imputing Austin's negligence to Al. The statute provides, in pertinent part:

> (a)(1)(A) The original application of any person under eighteen (18) years of age for an instruction permit, a learner's license, an intermediate driver's license, or a motor-driven cycle or motorcycle license shall be signed and verified before a person authorized to administer oaths by either the father or mother of the applicant, if either is living and has custody.
>
> . . . .
>
> (b)(1) Except as provided under subdivision (b)(2) of this section, any negligence or willful misconduct of a minor under eighteen (18) years of age when driving a motor vehicle upon a highway shall be imputed to the person who signed the application of the minor for a permit or license, regardless of whether the person who signed was authorized to sign under subsection (a) of this section, which person shall be liable with the minor for any damages caused by the negligence or willful misconduct.
>
> . . . .
>
> (c)(1) If any person who is required or authorized by subsection (a) of this section to sign the application of a minor in the manner therein provided shall cause, or knowingly cause, or permit his or her child or ward or employee under eighteen (18) years of age to drive a motor vehicle upon any highway, then any negligence or willful misconduct of the minor shall be imputed to this person, and this person shall be liable with the minor for any damages caused by the negligence or willful misconduct.

Ark. Code Ann. § 27-16-702 (a)(1(A), (b)(1), (c)(1) (Supp. 2014).

We review issues of law and issues of statutory construction de novo. *Ark. State Police v. Wren*, 2016 Ark. 188, at 3, 491 S.W.3d 124, 126 (citing *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 370 Ark. 435, 439, 260 S.W.3d 718, 720 (2007)).

Subsection (a)(1)(A) states that the application shall be signed by "either the father or mother of the applicant, if either is living and has custody." Subsection (b)(1) imputes liability for the minor's negligence or willful misconduct while driving to the person who signed the form, and subsection (c)(1) imputes liability to "any person who is required or authorized by subsection (a) of this section to sign the application" who causes, knowingly causes, or permits his or her child to drive.

Sue argues, generally, that the legislature intended for both parents to be covered by the statute, that Al permitted Austin to drive, and that as a parent whose rights had not been terminated, Al always had authority to grant or revoke that permission. Sue's argument fails for two reasons. First, it is not supported by the plain language of the statute, which does not cover Al. Second, even if liability could be imputed to Al under the statute if he had "permitted" Austin to drive, the court correctly found that Al had no legal authority to do so while Austin was in Carrie's custody.

Because Al did not sign Austin's application form, the only subsection of the statute upon which Sue can rely to claim imputed liability is subsection (c)(1). However, this subsection does not apply to all parents; it applies only to a person who is required or authorized by subsection (a) to sign the form. Subsection (a) allows either parent to sign the form "if either is living and has custody" of the minor. Here, Al did not have custody of Austin and therefore would not have been authorized to sign under subsection (a). As a result, liability

SLIP OPINION

cannot be imputed to Al under subsection (c)(1), which extends only to persons authorized to sign the form pursuant to subsection (a). Under the plain language of the statute, the negligence of a minor cannot be imputed to the noncustodial parent.

Additionally, as the noncustodial parent, Al had no legal or practical authority to "cause, knowingly cause, or permit" Austin to drive while Austin was in Carrie's custody, which is required under subsection (c) for liability to attach. It is undisputed that Al knew Austin was driving, but pursuant to their divorce decree, Carrie had primary custody and was entitled to make unilateral parenting decisions while Austin was in her care. Al's awareness that Carrie allowed Austin to drive does not amount to permission, since any permission Al gave in this context would have been meaningless. Had the accident occurred during visitation, while Al was supervising Austin, there may be a better argument that Al permitted Austin to drive. However, in the present case, Austin was involved in the wreck while in Carrie's care and custody, while driving a car provided by Carrie's mother, and while Al was living in Texas.

Sue's final point on appeal is that the circuit court's interpretation of the statute violates Al's fundamental right to parent his child.[1] Citing *Troxel v. Granville*, 530 U.S. 57 (2000), Sue argues that the "liberty" protected by the Due Process Clause includes the right to have and raise children. She is correct that the Constitution protects the rights of parents, but her

---

[1]In her reply brief, Sue argues that the court's interpretation of the statute contradicts the State's own interpretation found in the Arkansas Driver's License Study Manual. It is well-settled law in Arkansas that an argument cannot be raised for the first time in a reply brief. *State v. McCormack*, 343 Ark. 285, 291, 34 S.W.3d 735, 738–39 (2000); *Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996). Al has filed a motion to strike this portion of Sue's reply brief. Because we have not considered any argument raised for the first time in Sue's reply brief, and given our holding in the present case, we deny Al's motion.

argument on appeal provides no basis for reversal. First, Sue never raised this argument below, and it is therefore not preserved for our review. It is well settled that we will not address an issue for the first time on appeal, even one of constitutional significance. *Laymon v. State*, 2015 Ark. 485, at 5, 478 S.W.3d 203, 206 ("We will not consider arguments, even constitutional ones, that are raised for the first time on appeal. Also, failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal."). Moreover, Sue lacks standing to allege a violation of Al's due-process rights. In order to have standing, a litigant must show that he or she suffered injury or has been prejudiced as a member of the class of persons regulated by the law. *Nicholson v. Upland Indus. Dev. Co.*, 2012 Ark. 326, 422 S.W.3d 108; *Hamilton v. Hamilton*, 317 Ark. 572, 879 S.W.2d 416 (1994). While Sue may be prejudiced by the court's interpretation of the statute, she is not a member of the class of persons regulated by section 27-16-702. She is not alleging that her own parenting rights are being violated but that Al's are. Sue has no standing to allege a violation of someone else's constitutional rights. Finally, her argument lacks merit. If anything limited Al's right to parent, it was the divorce decree awarding Carrie primary custody. His inability to permit or prohibit Austin's driving stems directly from the divorce decree, not section 27-16-702. The statute addresses only the imputed liability of a parent, it does not expand or narrow a parent's legal authority to allow his or her child to drive.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Jeff Scriber P.A.*, by: *Jeff Scriber*, for appellant.

*Laser Law Firm*, by: *Kevin Staten* and *Brian A. Brown*, for appellee.