Cite as 2024 Ark. 78

# SUPREME COURT OF ARKANSAS

No. CV-23-633

|  |  |
|---|---|
| | **Opinion Delivered:** May 9, 2024 |
| CHARLES EDWARD HARRIS, JR.<br>APPELLANT | |
| V. | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-23-34] |
| WHITNEY GASS, WILLIAM BYERS, DEXTER PAYNE, BUDDY CHADICK,<br>JOHN FELTS, TYRONE BROOMFIELD, JOHN DOE, AND BOBBY GLOVER<br>APPELLEES | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED; PETITION FOR RECONSIDERATION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Charles Edward Harris, Jr., appeals the denial and dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in Lincoln County, which is the county where he is incarcerated. For reversal, Harris argues that (1) the special judge who presided over his criminal trial was not properly appointed in compliance with amendment 80 and Arkansas Supreme Court Administrative Order No. 16, and therefore, the circuit court lacked jurisdiction; and (2) that his convictions violated the prohibition against double jeopardy. We affirm the circuit court's denial of Harris's habeas petition and deny Harris's petition for reconsideration.

A Pulaski County jury convicted Harris of first-degree battery and a terroristic act after he fired eight or nine gunshots into a vehicle occupied by the victim and the victim's

friend. The gunshots shattered the vehicle's rear window and injured the victim. Harris was sentenced as a habitual offender to an aggregate term of 180 months'—or fifteen years'—imprisonment. Harris's conviction and sentences were affirmed by the Arkansas Court of Appeals. *Harris v. State*, 2010 Ark. App. 247.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. Harris insists that a special judge, Dale Adams, was appointed to replace Judge Herbert Wright in contravention of amendment 80 of the Arkansas Constitution as well as Administrative Order No. 16. Amendment 80 and Administrative Order No. 16 provide that the Chief Justice of the Arkansas Supreme Court has the authority to assign a special judge under rules adopted by the Arkansas Supreme Court. *See Russell v. Payne*, 2020 Ark. 377. Harris offers no substantial evidence that the appointment of Special Judge Dale Adams failed to comply with amendment 80 or Administrative Order No. 16, other than an allegation that the process of appointing a special judge was not included in the transcript filed on direct appeal. The record on appeal includes only those materials relevant to the issues on appeal. *Busbee v. Ark. Dep't of Health & Hum. Servs.*, 369 Ark. 416, 255 S.W.3d 463 (2007). Additionally, a challenge to the appointment of a special judge is not cognizable in habeas proceedings.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020

Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the circuit court has personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Id*. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366. In Arkansas, a circuit court has subject-matter jurisdiction of all justiciable matters, including criminal matters. *Jackson v. Payne*, 2022 Ark. 10, 636 S.W.3d 765. The circuit court has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar*, 2021 Ark. 155, 628 S.W.3d 366. A challenge to the appointment of an individual judge to preside over a criminal case is a nonjurisdictional issue and is a matter of trial error that should have been raised at trial and on direct appeal. *Id*. Harris committed the two offenses in Pulaski County and was properly tried before a circuit court that had both personal and subject-matter jurisdiction.

Harris next claims that his convictions for first-degree battery and a terroristic act violate the prohibition against double jeopardy because the two offenses arose from the same continuing course of conduct, and first-degree battery and a terroristic act share the same elements. Harris's double-jeopardy claim is equally unavailing. Each gunshot fired by Harris represented a separate criminal act that supports separate criminal charges, such as a charge of a terroristic act and first-degree battery. *Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43; *see also McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999) (firing three shots into an apartment constituted three separate terroristic acts). Because firing multiple gunshots are

considered distinct criminal acts, there is no need to decide whether the elements in different charges overlap. *Lee*, 2017 Ark. 337, 532 S.W.3d 43.

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Id*. (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id*. In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. If a petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable in a habeas proceeding. *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17.

Harris did not challenge the facial legality of his sentences for the two offenses. The concurrent sentences of 180 months' imprisonment do not exceed the statutory maximum for the crimes for which he was convicted. *See* Ark. Code Ann. § 5-13-201(c) (Supp. 2007) (first-degree battery is a Class B felony); *see also* Ark. Code Ann. § 5-13-310(b)(2) (a terroristic act is a Class Y felony if, with the purpose to cause physical injury, physical injury is caused to another person). Under the habitual-offender act, Harris was subject to a maximum term of forty years for first-degree battery and a maximum term of life

imprisonment for a terroristic act. *See* Ark. Code Ann. § 5-4-501(b)(2) (Repl. 2006). The circuit court did not err when it denied and dismissed Harris's habeas petition.

Additional allegations were raised in the petition filed in the circuit court but have not been raised on appeal and are therefore abandoned. *See Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. The circuit court found that Harris had failed to demonstrate that he was being illegally detained and denied and dismissed the petition. Harris has also filed a petition for reconsideration and rehearing of this court's per curiam order entered on February 22, 2024, that denied Harris's motion to supplement the record with uncertified documents. Only documents certified by the circuit clerk provide this court with appellate jurisdiction. *Bannister v. State*, 2013 Ark. 412 (per curiam).

Affirmed; petition for reconsideration denied.

*Charles Edward Harris, Jr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.