Cite as 2026 Ark. App. 273

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-35

|  |  |
|---|---|
| CHARLES EDWARD HARRIS, JR. | Opinion Delivered: May 6, 2026 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI |
| | COUNTY CIRCUIT COURT, THIRD |
| V. | DIVISION |
| | [NO. 60CR-08-571] |
| | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE CATHLEEN V. |
| | COMPTON, JUDGE |
| | |
| | AFFIRMED |

### N. MARK KLAPPENBACH, Chief Judge

Appellant Charles Edward Harris, Jr., appeals from the denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, he argues that the circuit court erred in rejecting his challenge to the legality of his sentences for first-degree battery and committing a terroristic act because his convictions for both crimes violated the prohibition against double jeopardy. We affirm the circuit court's denial of Harris's petition.

I. *Background Facts and Procedural History*

On April 21, 2009, a Pulaski County jury convicted Harris of committing a terroristic act, a Class Y felony, and first-degree battery, a Class B felony. The crimes for which he was convicted occurred on December 28, 2007, when Harris fired eight or nine gunshots into a

vehicle occupied by the victim, Leannell Robinson, and his friend. The gunshots shattered Robinson's back window, and Robinson, who was sitting in the driver's seat, was struck several times. One bullet went through his right arm. Another struck him in his right shoulder and lodged in his chest. He was also grazed by bullets on his forehead and left pinky finger. Following his convictions, the jury was instructed at sentencing that Harris had previously been convicted of two felonies: possession of a controlled substance—second offense and committing a terroristic act. Harris was sentenced as a habitual offender to fifteen years' imprisonment on each offense, with the sentences to run concurrently. He filed a direct appeal in this court challenging only an evidentiary ruling. *Harris v. State*, 2010 Ark. App. 247, at 1. This court affirmed his convictions, and the appellate mandate issued on March 30, 2010.

On January 19, 2023, Harris filed his "Petition to Correct a[n] Illegal Conviction and Sentence" pursuant to section 16-90-111 in the Pulaski County Circuit Court. In that petition, he asserted a double-jeopardy challenge to his 2009 terroristic-act and first-degree-battery convictions and sentences. Specifically, he claimed that his convictions for both committing a terroristic act and first-degree battery violated Arkansas Code Annotated section 5-1-110(a)(1) (Supp. 2007), which addresses multiple-offense prosecutions. He claimed that the first-degree battery for which he was convicted was a lesser-included offense of committing a terroristic act and that it was impossible to commit a terroristic act without also committing first-degree battery. He attached his April 2009 judgment and commitment order to the petition. He further claimed that those convictions had additional adverse

2

consequences because, after he was convicted of those crimes in April 2009, he pleaded guilty to robbery and theft of property on June 26, 2009, and that his first-degree-battery conviction was used to enhance his subsequent theft and robbery convictions. He attached his judgment and commitment order from the June 2009 robbery and theft convictions, which shows that Harris was sentenced as a habitual offender to forty years' imprisonment on those convictions, to be served consecutively to his fifteen-year-battery and terroristic-act sentences.

In response, the State argued that Harris's illegal-sentence petition failed because his concurrent fifteen-year sentences for committing a terroristic act and first-degree battery were well within the sentencing ranges for those offenses. It further asserted that Harris's double-jeopardy argument should have been raised at trial or in a postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1 and that an illegal-sentence petition under section 16-90-111 is not a substitute for raising a claim under Rule 37.1. The State further asserted that any attempt to now bring a double-jeopardy claim is barred by the time restrictions set forth in Rule 37.2. Finally, the State argued in the alternative that even if the double-jeopardy claim could be brought in an illegal-sentence petition, the argument had previously been rejected as meritless by the supreme court.

On October 25, 2023, the circuit court entered an order denying Harris's petition to correct an illegal sentence. The circuit court agreed with the State that Harris's double-jeopardy claim should have been brought in a Rule 37.1 petition for postconviction relief instead of in an illegal-sentence petition, that the time for filing a Rule 37.1 petition had long expired, and that Harris's attempt to bring his double-jeopardy claim was time-barred.

3

It further agreed with the State that the claim would fail as meritless under Arkansas law. It also noted that Harris had filed an additional two documents (on August 23 and September 20) purportedly responding to the State's response but that "[n]either additional filing contain[ed] any arguments that would alter [the] court's findings regarding the original petition." Harris filed a timely notice of appeal from that order.

II. *Standard of Review and Applicable Law*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, at 4, 566 S.W.3d 469, 471. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose it. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* Sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405, at 4, 443 S.W.3d 533, 535. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Redus*, 2019 Ark. 44, at 3, 566 S.W.3d at 471. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at 7, 594 S.W.3d 54, 58.

4

Additionally, in his argument on appeal, Harris relies on Arkansas Code Annotated section 5-1-110, which states the following in relevant part:

(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. However, the defendant may not be convicted of more than one (1) offense if:

(1) One (1) offense is included in the other offense, as defined in subsection (b) of this section.

. . . .

(b) A defendant may be convicted of one (1) offense included in another offense with which he or she is charged. An offense is included in an offense charged if the offense:

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged[.]

Ark. Code Ann. § 5-1-110(a)(1), (b)(1) (Supp. 2007).

III. *Discussion*

For reversal, Harris challenges the circuit court's findings that his double-jeopardy argument should have been brought in a timely Rule 37.1 petition and that his claim, even if cognizable in an illegal-sentence petition, lacked merit under Arkansas law. He also asserts five additional reasons why he is entitled to relief from this court: (1) the circuit court had the power under section 16-90-111(a) to "extend the narrow scope of review" to cover double-jeopardy claims under the supreme court's opinion in *Gillette v. City of Fort Smith*, 2023 Ark. 24; (2) the alleged error violates "fundamental safeguards" referenced by the supreme court in *Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001), such that the court should conduct a

plain-error review absent any timely double-jeopardy objection or motion; (3) the prohibition against double jeopardy is a "fundamental right" sufficient to void a judgment if violated and cannot be waived by failure to raise it at trial; (4) the circuit court had the ability to toll the time limitations in Rule 37 and excuse any procedural default (relating to failure to pursue the double-jeopardy claim) pursuant to the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013); and (5) the denial of right to counsel in Rule 37 proceedings is a structural error mandating automatic reversal.

Apart from Harris's challenges to the circuit court's two specific findings, his additional arguments on appeal were not ruled on by the circuit court. Our supreme court has held, in the context of section 16-90-111 appeals, that arguments raised for the first time on appeal will not be considered, and even constitutional arguments must be raised and ruled on in the circuit court to preserve the issues for appellate review. *Carter v. State*, 2023 Ark. 37, at 4, 660 S.W.3d 793, 796. Furthermore, Harris's claim of entitlement to plain-error review due to a violation of "fundamental safeguards" or "fundamental rights" based on *Smith*, 343 Ark. 552, 39 S.W.3d 739, is unavailing. *Smith* was a capital-murder case in which Smith was sentenced to death and waived direct appeal, triggering a "fundamental safeguards" review of the entire record. *Id.* at 574–75, 39 S.W.3d at 753. Unlike in *Smith*, Harris was not sentenced to death, and in any event, this is an appeal from the denial of an illegal-sentence petition, not a direct appeal. Accordingly, our appellate review is confined to the two arguments preserved for appeal—that the circuit court clearly erred in finding that Harris's double-jeopardy argument should have been brought in a timely Rule 37.1 petition

6

and that his claim, even if cognizable in an illegal-sentence petition, lacked merit under Arkansas law.

A. Untimely Rule 37.1 Claim

Harris first challenges the circuit court's finding that his double-jeopardy claim is outside the scope of an illegal-sentence petition under section 16-90-111. The circuit court found the double-jeopardy claim not cognizable because it was based on an allegation that his conviction and sentence violated the prohibition against double jeopardy as set forth in section 5-1-110. It determined that the claim should have been raised at trial or in a postconviction petition filed pursuant to Rule 37.1, and it cannot be pursued in a section 16-90-111 petition.

We see no clear error in the circuit court's finding that Harris's double-jeopardy claim should have been brought in a timely Rule 37.1 petition. Our supreme court has previously addressed this issue on several occasions. In *Wesley v. State*, 2019 Ark. 270, at 4, 585 S.W.3d 156, 160, and later in *Dirickson v. State*, 2021 Ark. 36, at 4–5, 617 S.W.3d 712, 716, it held that a claim that multiple convictions violated the provision against double jeopardy constitutes an assertion that the judgment was imposed in an illegal manner, not that the judgment was facially invalid. A claim that a judgment was imposed in an illegal manner must be raised at trial or in a postconviction petition filed pursuant to Rule 37.1. *Dirickson*, 2021 Ark. 31, at 5, 617 S.W.3d at 716. And an illegal-sentence petition under section 16-90-111 is not a substitute for raising a claim under Rule 37.1. *Id.*

Harris's double-jeopardy argument, as in *Dirickson* and *Wesley*, alleges that the judgment was imposed in an illegal manner. Thus, it should have been brought in a timely petition for postconviction relief under Rule 37.1. Because Harris appealed from his judgment of conviction, he was required to file his Rule 37 petition in the circuit court within sixty days of the date the mandate was issued by the appellate court. *See* Ark. R. Crim. P. 37.2(c) (2010). The mandate in Harris's direct appeal was issued on March 30, 2010. His time for filing a Rule 37.1 petition has long expired. Thus, the circuit court did not clearly err in finding that Harris's petition was untimely and that his double-jeopardy claim was time-barred under Rule 37.2(c)(ii).

## B. Merits

Additionally, even if we reached the merits of Harris's argument, the circuit court was correct that his claim would fail. As the State points out, Harris previously made the same double-jeopardy argument in a petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). On appeal from the denial of that petition, the supreme court rejected the argument as meritless. It held that

> Harris next claims that his convictions for first-degree battery and a terroristic act violate the prohibition against double jeopardy because the two offenses arose from the same continuing course of conduct, and first-degree battery and a terroristic act share the same elements. Harris's double-jeopardy claim is equally unavailing. Each gunshot fired by Harris represented a separate criminal act that supports separate criminal charges, such as a charge of a terroristic act and first-degree battery. *Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43; *see also McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999) (firing three shots into an apartment constituted three separate terroristic acts). Because firing multiple gunshots are considered distinct criminal acts, there is no need to decide whether the elements in different charges overlap. *Lee*, 2017 Ark. 337, 532 S.W.3d 43.

*Harris v. Gass*, 2024 Ark. 78, at 3–4, 687 S.W.3d 794, 797. Although the claim was bought in a habeas corpus case and against different parties than the current illegal-sentence petition, the double-jeopardy claim was rejected as meritless in *Harris*. Thus, pursuant to *Harris*, we hold that the circuit court did not err in ruling that, even if Harris's claim were cognizable, it would fail under Arkansas law.[1] Accordingly, the circuit court's denial of relief under section 16-90-111 was not clearly erroneous, and we affirm the circuit court's order.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Charles Edward Harris, Jr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

---

[1]Finally, we note that Harris does not assert in this appeal that his fifteen-year sentences are facially illegal because they exceed the maximum terms prescribed by law. *See generally McArty*, 2020 Ark. 68, at 7, 594 S.W.3d at 58. But even if he had made that argument, it also would have been meritless in this illegal-sentence proceeding. When the judgment was entered against Harris, first-degree battery was a Class B felony. *See* Ark. Code Ann. § 5-13-201(c)(1) (Supp. 2007); *see also* Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2006) (stating that for a Class B felony, the sentence shall be not less than five years nor more than twenty years). A terroristic act was a Class Y felony if the person, with the purpose to cause physical injury to another person, causes physical injury or death to any person. Ark. Code Ann. § 5-13-310(b)(2) (Supp. 2007); *see also* Ark. Code Ann. § 5-4-401(a)(1) (stating that for a Class Y felony, the sentence shall be not less than ten years and not more than forty years, or life). As a habitual offender, Harris was subject to a term of imprisonment of not less than five years nor more than thirty years for Class B felony first-degree battery and a term of not less than ten years nor more than sixty years, or life for Class Y felony committing a terroristic act. *See* Ark. Code Ann. § 5-4-501(a)(2) (Supp. 2007). Thus, had Harris challenged his fifteen-year sentences, he would not have met his burden of demonstrating that those sentences were facially illegal. *See Redus*, 2019 Ark. 44, at 3–4, 566 S.W.3d at 471.